## NATIONAL PARK BANK et al. v. McKIBBEN & CO. et al.

District Court, M. D. Georgia.
Sept. 20, 1930.

Brock, Sparks & Russell, of Macon, Ga., for plaintiff in supplementary bill.

Smith & Smith, of Macon, Ga., for defendant in supplementary bill.

DEAVER, District Judge.

The original bill was filed in 1927 by National Park Bank, a resident of New York, against McKibben & Co., a corporation, J. H. McKibben, and the administrators of J. H. Carmichael, residents of Georgia.

The bill alleged that plaintiff was the holder of certain notes made by McKibben & Co. payable to the Farmers' & Merchants' Bank of Jackson, Ga., and transferred by the payee to plaintiff; that defendant corporation had made a fraudulent conveyance of certain property to J. H. Carmichael in his lifetime; that the charter of the corporation had expired and its assets had not been administered. The bill prayed that the deed to J. H. Carmichael be canceled and that a receiver be appointed for all the property and assets of the corporation.

Defendant McKibben moved to dismiss the bill on the ground that the plaintiff, being a nonresident assignee of the notes, the court under section 24, Judicial Code (28 USCA § 41), had no jurisdiction of the suit. The motion was overruled on January 20, 1928.

The plaintiff on February 10, 1928, dismissed as to defendant McKibben. Decree was entered setting aside the deed to Carmichael and appointing a receiver for all the assets of the corporation and ordering the receiver to give notice to all creditors of the company requiring them to come in and prove their claims.

Acting under an order of court, the receiver sold the real estate described in the bill. Upon petition for confirmation of the sale a rule nisi was issued calling upon all creditors to show cause why the sale should not be confirmed and directing that service of the rule be made upon all known creditors. The rule was served upon W. E. Watkins by the receiver. No objection was filed and the sale was confirmed on April 17, 1928.

The sale was made to E. Smith Settle as trustee for the Jackson Rifles, a military association, to be held by him only until said military association could be incorporated. The association was incorporated under the name Jackson Rifles Holding Company, and a deed was then made by the trustee to the corporation.

W. E. Watkins was not a party to the original bill, but he was a creditor of McKibben & Co. and was of counsel for J. H. McKibben in the original suit and had knowledge of the filing of the bill, the motion to dismiss and the order thereon, the order appointing the receiver, and the rule to show cause why the sale should not be confirmed. As a creditor he refused to file his claim with the receiver and refused to accept his pro rata share of the assets of the corporation. He sued on his claim in the state court and obtained a judgment against McKibben & Co. on August 22, 1928. A fi. fa. was issued thereon on October 20, 1928, and levied on December 3, 1929, upon the property sold by the receiver to Jackson Rifles Holding Company, plaintiff in the supplementary bill.

The indebtedness upon which Watkins obtained judgment was in existence at the time the original bill was filed.

The Jackson Rifles Holding Company, the purchaser of the property in question from the receiver, now by supplementary bill prays that Watkins be enjoined from enforcing his judgment against said property.

Watkins now contends that the decree in the original suit was a nullity because the suit was one brought by a nonresident assignee of notes against resident defendants, and therefore the court had no jurisdiction. Counsel for Watkins in argument concede that if the court had jurisdiction, Watkins should be enjoined from proceeding against the property.

Counsel for the Jackson Rifles Holding Company contend:

1. That the question of jurisdiction was foreclosed when the judge who tried the original case decided that the court did have jurisdiction.

2. That the original suit was not a suit to recover on the notes, but was a suit against a corporation whose charter had expired to administer its assets under the following sections of the Georgia Code:

Section 2241. "Each corporation dissolves by expiration of its charter."

Section 2245. *"Disposition of Assets.* Upon the dissolution of a corporation for any cause all of the property and assets of every description belonging to the corporation shall constitute a fund—first for the payment of its debts, and then for equal distribution among its members. To this end the Superior Court of the County where such corporation was located shall have power to appoint a receiver, under proper restrictions, properly to administer such assets under its direction."

3. That Watkins being a creditor of the corporation when the bill was filed, and being of counsel in the case and having knowledge of all the proceedings therein and refusing to file his claim as directed by the court, and having notice of the sale and of the application for its confirmation and making no objection, but standing by and permitting the plaintiff to purchase the property, is now estopped to enforce his fi. fa. against the property.

It is well settled that when the question of jurisdiction is made the court has jurisdiction to pass upon that question, and if it holds that it has jurisdiction and proceeds to judgment, the judgment is not a nullity, though the question of jurisdiction may have been erroneously decided. Before the judge who tried this original case the question of jurisdiction was made upon precisely the same ground as is now set up by defendant Watkins. As shown by the order overruling the motion to dismiss, the question was argued before the court. The order does not disclose what the judge had in mind. He was probably of opinion that the suit was one to administer the assets of a dissolved corporation and that the existence of the assigned notes was alleged simply to show that the plaintiff was a creditor which had such an interest as would entitle it to proceed under the Georgia statute for the appointment of a receiver. However that may be, the court held in favor of jurisdiction and that judgment was never reversed. It is true that the defendant McKibben, who raised the question of jurisdiction, was subsequently stricken as a party, but that does not alter the fact that the court decided that the original suit was not within the assignee section (section 24) of the Judicial Code (28 USCA § 41). Therefore whether the question of jurisdiction was correctly decided or not, the case stands just as if the suit were unquestionably not one to recover on the notes but one authorized by law to be brought under the diversity of citizenship provision.

Under the view taken of the first contention of the plaintiff, it is unnecessary to pass upon its other contentions. An order will accordingly be made granting the relief prayed for.