ELLIS, Judge.
This is an action in jactitation or slander of title suit which was consolidated for the purpose of trial with the case of Morgan City Company, Inc. v. Guarisco, La.App., 116 So.2d 864.
To the plaintiffs’ petition the defendant filed an exception of improper cumulation of actions, on October 1, 1957. After being heard this exception was overruled by the District Court. On October 25, 1957 the defendant then filed an exception of possession in which he denied the plaintiffs as being in possession of the land disputed at the time of the filing of the cause of action, and, second, that the defendant and the Tiger Island Development Corporation of Gretna were in actual physical possession of the premises. Defendant also filed an answer at this time. The plaintiffs moved to dismiss the exception of want of possession on the ground that it came too late, that is, after joinder of issue, contending that the exception of improper cumulation of actions effected a joinder of issue which precluded the right of defendant to interpose any other dilatory exceptions.
In a well written opinion on the motion to dismiss the exception of want of possession, the District Judge maintained the motion and ordered the defendant’s exception of want of possession dismissed. The plaintiffs then filed a rule for the defendant to show cause why they should not be granted a judgment on the face of the pleadings, or, in the alternative, why defendant’s answer should not be treated as a claim of title, and ordered to stand as a petition in a petitory action. The District Judge with written reasons held that although defendant had waived his right to question plaintiffs’ possession by failing to file the exception of want of possession in limine litus or before issue was joined that the answer denied every allegation of plaintiffs’ petition including the allegation that the defendant had slandered plaintiffs’ title, and which the district judge correctly held raised the issue on one of the two cardinal points involved in the action, the other being possession, and therefore held that the plaintiff, before it could obtain judgment, had to show that the defendant had disturbed them in their possession and therefore refused the motion for judgment on the face of the pleadings. The alternative plea to have the defendant’s answer treated as a claim of title was also dismissed, with written reasons.
The case came up on the merits and in accordance with the prior ruling of the district judge, the only question at issue was the alleged disturbance or slander which the defendant had denied, and the plea of estoppel he had tendered in his answer. The lower court in its written reasons held that the defendant, while on' the witness stand, admitted the slander and that the defendant had not pointed out any facts or *874 law upon which he based his plea of es-toppel and the court stated it was unable to find anything in the record to justify the maintenance of such a plea and therefore it was overruled. The District Court further held that the only defense tendered by the defendant, viz., that the action should be dismissed because it was not brought within the year in which the disturbance took place, as was required by Article 49 of the Code of Practice and under the authority of Dixon v. American Liberty Oil Company, 226 La. 911, 77 So.2d 533, in which the Supreme Court held that the recordation of an instrument in the public records, based on a claim of title adverse to another, constituted a continuing slander of the other’s title, as long as the instrument remained of record, that the contention was not well taken, and awarded a judgment on the merits to the plaintiffs. The pertinent portion of the judgment and its wording has been quoted in the consolidated and companion case of Morgan City Company, Inc. v. Guarisco, 116 So.2d 864.
The defendant took a devolutive appeal which is now before this court. The plaintiffs have filed a motion to dismiss the pertinent part reading as follows:
“1. The above matter is a devolu-tive appeal from a judgment of the Sixteenth Judicial District Court for the Parish of St. Mary in favor of plaintiff-appellees in a slander of title suit, whereby defendant Phillip Guaris-co was ordered to either disclaim all right, title or interest in and into the slandered property or to institute a petitory action against plaintiff-appel-lees within 30 days from the date the judgment should become final, and in default of suit being instituted within such time that said defendant-appellant be forever thereafter barred and that plaintiff-appellees be thereupon empowered to cause the Clerk of Court to cancel and erase from the Conveyance Recoi'ds of St. Mary Parish the instruments slanderous of plaintiff-ap-pellees’ title.
“2. Plaintiff-appellees show that more than 30 days have elapsed from the date the said judgment has become final; that defendant-appellant, Phillip Guarisco, did not institute a petitory action within said period and the slanderous instruments have accordingly been canceled and erased from the Conveyance Records by the Clerk of Court in accordance with said judgment, insofar as the said instruments covered and affected the property of plaintiffs, as shown by a certified copy of judgment rendered on rule nisi directed to the Clerk of Court, dated September 8, 1959, attached hereto and made part hereof.
“3. Plaintiff-appellees accordingly show that this appeal should be dismissed for the reason that the judgment of the District Court has been fully executed and the issues presented by this appeal are now moot.
“Wherefore, plaintiff-appellees pray that after due proceedings had, the appeal taken herein by defendant-appellant, Phillip Guarisco, be dismissed and set aside.”
In view of the fact that the defendant did not file a petitory action within the decreed period of thirty days, the plaintiffs in accordance with that portion of the judgment which empowered them to “cause the Clerk of Court of the parish of St. Mary, to cancel and erase from the Conveyance records of said parish, the instruments * * * ” which slandered their title, obtained a rule nisi[1] and cleared the public *875 records of the instruments slanderous of plaintiffs’ title.
Based upon the above facts counsel for plaintiffs in their brief take the position, to-wit:
“ * * * All issues in this slander of title suit, as in the Morgan City-Company, Inc., case, are now moot. Defendant’s devolutive appeal can avail him nothing.
“Again, we are favored with direct authority of our Supreme Court on this point. In the case of Collier v. Marks, 220 La. 521, 57 So.2d 43; the judgment ordered the defendant to disclaim title or to assert title by petitory action ‘within a delay of 60 days from the date of judgment.’ Defendant there took a suspensive appeal. The plaintiff-appellee moved to dismiss the appeal on the grounds that the 60 day period had expired without the institution of a petitory action, and that defendant-appellant’s rights were foreclosed. This argument was answered by the court as follows:
“ ‘In the absence of a suspensive appeal the 60 day period set in the judgment would have expired 60 days from the date of the judgment, but by taking a suspensive appeal appellants suspended the effect of the district court’s judgment until such time as a judgment of this court on appeal might become final. The statement of “60 days from the date of this judgment” under the law could mean only “60 days from the date this judgment becomes final.” Under this interpretation plaintiff Collier had to assert his rights within 60 days from the date of the judgment in the event no suspensive appeal was taken or, if such an appeal was taken, within 60 days from the time the judgment became final in this court,
“ ‘Since a suspensive appeal was taken, there is no merit in the argument that the 60 day period began to run from the date of the judgment. By such a holding the appellant would have lost his right to' institute his action while the suspensive appeal was pending because the appeal was not acted upon within 60 days.’
******
“The court further stated that the suspensive appeal ‘simply stayed in its entirety the judgment rendered by the Lower Court, including that portion setting the 60 day period until the matter could be finally disposed of.’
“It is therefore clear that only a suspensive appeal prevents the running of the peremption period fixed by the court. If a suspensive appeal is not taken and no petitory action filed, the defendant is forever foreclosed, and his pretensions of title erased from the public records. A devolutive appeal cannot undo these consequences of a judgment in favor of plaintiff in a slander of title suit. If the unsuccessful defendant could appeal devolutively, the plaintiffs’ title would not be cleared and merchantable until the expiration of the period fixed in the judgment plus one year. Moreover, the cancellation of the slanderous instruments from the public records pursuant to the judgment would really be no cancellation at all if a successful devolutive appeal could ‘uncancel the cancellations.’
“To summarize, we respectfully submit * * * that the appeal in the P. R. Norman et al case must be dismissed on the authority of the Collier case.”
We do not believe that the Collier case relied upon by plaintiff, supra, is controlling. In that case a suspensive appeal had been taken and the question before the court was whether the sixty day period for filing the petitory action ran from the date of the finality of the District Court judgment or that of the Supreme Court on appeal. Of course, the *876 Supreme Court held that it was to be computed from the finality of their judgment. In the case at bar we are dealing strictly with the question of the effect of a devolu-tive appeal in a slander of title action as it pertains to the thirty day period granted in the judgment of the District Court from the date said judgment became final, in which time the defendant was granted the right to file his petitory action. We do not agree with plaintiff’s position or contention set forth in his argument and brief that only a suspensive appeal would preserve the defendant’s right to ever file a petitory action. Such an interpretation or holding would prohibit or destroy the right of a defendant in a slander of title suit to a devolutive appeal. There is no authority in the law that prohibits or forbids the defendant-appellant in a slander of title suit from taking a suspensive and/or devolutive appeal. The choice is his. The effect of course is different for the sus-pensive appeal suspends the entire proceeding and all matters in connection therewith, including the running of the delay fixed for the filing of the petitory action, while the devolutive appeal does not prevent the execution of the judgment nor the running of the period of delay, however, both the suspensive and devolu-tive appeal have one thing in common, they both suspend the finality of the judgment of the lower court until its correctness and validity has been passed upon and affirmed by the appellate court. Any action taken or the finality of the peremption period in a slander of title suit fixed by the judgment of the lower court for the filing of the petitory action is subject to the affirmance of the legality and validity of the lower court judgment by the appellate court. It must be borne in mind that a jactitation or slander of title action is a creature of our jurisprudence, and is not provided for in the codal or statutory laws of the state, and the peremption period usually fixed by the District Judge is likewise a creature of the jurisprudence and not a codal or statutory provision of •He law of our state. Riley v. Kaempfer, La. App., 175 So. 884, and also see quotations from this case in the opinion of Morgan City Company, Inc. v. Guarisco, La.App., 116 So.2d 864; Canada v. Frost Lumber Industries, La.App., 9 So.2d 338. Counsel argues that if the unsuccessful defendant could appeal devolutively, the plaintiffs’ title would not be cleared and merchantable until the expiration of the period fixed in the judgment plus one year. This might be or is true, however, there is no prohibition in the law, in fact, there is a specific right given to a defendant-appellant, to appeal devolutively if he so chooses, for in the case at bar the judgment devolutively appealed from is a final and definitive judgment from which the defendant feeling aggrieved thereby are given the right of appeal by Code of Practice, Articles 571 and 565.
The effect of the devolutive appeal by the defendant-appellant in the case at bar suspended the finality of the judgment as to its correctness or validity until heard and passed upon by the appellate court. If the judgment is found to be null and void because invalid or erroneous by this court then any right accruing- or action taken would be subject to the correctness of the judgment of the lower court and when found incorrect by the appellate court would destroy in this case the per-emption period and also the judgment on the rule nisi against the Clerk of Court erasing from the public records the slanderous titles. It might be better to say that should the judgment of the lower court be reversed by the appellate court under the devolutive appeal, that any action taken would be subject to correction. We therefore cannot agree with counsel for plaintiffs that a successful devolutive appeal could not “uncancel the cancellations.”
For the above reasons the motion to dismiss this devolutive appeal is denied on the merits.
Counsel for defendant-appellant in argument and brief states that the sole issue *877 to be resolved on this appeal is the question of “Whether or not issue joins when an exception of improper cumulation of actions is filed.” We had the benefit of counsel’s oral argument and have carefully considered his brief, and find that all contentions made therein are thoroughly answered by the written reasons of the learned District Judge when he ruled on plaintiff’s motion to dismiss the exception of want of possession filed together with defendant’s answer, and we will therefore adopt such reasons as the judgment of this court on the question and we quote:
Ruling On Plaintiffs’ Motions To Dismiss Exception of Want of Possession
“Plaintiffs file these consolidated actions to have themselves recognized as being in possession of certain lands. They claim that the defendant has slandered their title, and pray that he be ordered either to disclaim title to the property or to institute a petitory action within a period of time to be fixed by this court.
“Defendant excepted to the petitions on the grounds that the plaintiffs had improperly cumulated a peti-tory action, a possessory action, a jactitation action and an action to quiet title in their petitions. The exceptions were tried and overruled. Thereafter the defendant filed an exception of want of possession, claiming that the defendant and not the plaintiffs is in actual possession of the property in litigation. At the same time he filed answers.
“Plaintiffs now move to dismiss this exception of want of possession on the grounds that it comes too late, that is, after joinder of issue. It is plaintiffs’ contention that the exception of improper cumulation of actions effected a joinder of issue which precludes the right of defendant to interpose any other dilatory exception.
“It seems obvious that plaintiffs’ contention is well taken.
“LSA-R.S. 13:5063 provides:
“ ‘Whenever in any action of jactitation or slander of title any defendant desires to raise as a defense lack of sufficient possession of the property involved therein by the plaintiff or plaintiffs to institute and prosecute such action, or failure of the plaintiff or plaintiffs’ petition to allege sufficient possession of the property involved therein by the plaintiff or plaintiffs, to institute and prosecute such action, such defendant shall raise and plead all such defenses by means of and in an exception or exceptions filed in limine litis.’
“LSA-R.S. 13:5064 provides:
“ ‘The defenses provided in R.S. 13 :- 5063, not filed in limine litis upon joinder of issue in the action, shall be considered waived.’
“It is clear that these provisions require a defendant to raise the issue of possession by an exception and that this exception must be filed. in limine litis and the failure to file this exception in limine litis precludes the defendant from raising the question of lack of possession' in the plaintiff.
“In this respect these provisions are similar to the procedure controlling the general practice in ordinary actions. Our Code of Practice established a general rule that' all dilatory exceptions must be filed before issue is joined and at one and the same time, for Article 333 of the Code of Practice states:
“ ‘It is a rule which governs in all cases of exceptions, except in such as relate to the absolute incompetency of the judge before whom the suit is brought, that they must be pleaded specially in limine litis, before issue joined, otherwise they shall not be admitted.
*878 “ ‘Hereafter no dilatory exceptions shall be allowed in any case after a judgment by default has been taken; and in every case they must be pleaded in limine litis and at one and the same time, otherwise they shall not be admitted; nor shall such exceptions hereafter be allowed in any answer in any cause * * * ’
“Defendant, however, contends that these provisions are inoperative in this case for two reasons: the first is that the filing of his first exception of improper cumulation of actions did not constitute a joinder of issues within the meaning of LSA-R.S. 13:5064, and secondly, that in his first exception he expressly reserved the right and privilege to further except.
“The first contention is answered by the provisions of Article 357 of our Code of Practice which states:
“ ‘The cause is at issue when the defendant has answered, either by confessing or denying the facts set forth in the petition, or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis, pursuant to the provisions of this code.’
“The decisions of our Appellate Courts uniformly carry out this plain expression of the law.
“The exception of improper cumu-lation of actions is a dilatory exception. See Code of Practice Article 152 and 332.
“Two of the cases holding that the filing of a dilatory exception constitutes a joinder of issues are: Diamond T. Motor Trucks, Inc. v. Heck [La.App.], 13 So.2d 512; Cryer v. Cryer et al. [La.App.], 70 So.2d 747.
“Defendant’s second contention, that he expressly reserved the right and the privilege of filing further exceptions, is also untenable. He cannot enjoy any greater legal right than the law allows him. Were this practice permitted, the plain codal provisions concerned would be of no effect.
“For these reasons, therefore, let the motion to dismiss defendant’s exception of want of possession be and the same is hereby maintained and defendant’s exception of want of possession is hereby dismissed.”
The judgment of the District Court is affirmed at appellant’s cost.

. This rule is not in the record and we presume that it was directed only to the Clerk of Court. The statement that such a rule was issued is made in plaintiff’s brief and by their counsel in argument before this court. Not being part of the record or directed to the defendant and served upon him, it cannot be considered in a decision of this case.