JANVIER, Judge.
Plaintiff-appellee moves to dismiss a sus-pensive appeal granted to the defendant-appellant from a judgment in favor of ap-pellee, sustaining a decision of the State Civil Service Commission, awarding to the appellee certain back pay claimed by him.
When the Judge of the Civil District Court signed the judgment sustaining the order of the State Civil Service Commission, he refused to grant to the defendant-appellant a suspensive appeal. The Supreme Court, on application for an alternative writ of certiorari and mandamus, ordered the Judge of the Civil District Court to grant the suspensive appeal, or to show cause to the contrary. The District Judge, without further action by the Supreme Court, granted the suspensive appeal.
The matter is now before us as a result of the order of transfer issued by the Supreme Court in accordance with the constitutional amendment, art. 7, § 30, Act 593 of 1960.
The motion to dismiss the suspensive appeal is founded on the theory that, by the then extant Rule XXII, section 7 of the Supreme Court, 8 LSA-R.S., it was provided that no appeal from a judgment of the District Court in a matter in which there is involved a final decision of the State Civil Service Commission “shall stay execution of the decision of the commission.”
When, by the constitutional amendment, appeals in matters of this kind were transferred to the Courts of Appeal, the same rule was adopted by the Courts of Appeal.
However, that rule as it appeared in the Rules of the Supreme Court and as it now appears in the Rules of the Courts of Appeal, rule 17, subd. 6 contains a proviso to the effect that such an appeal may not stay the execution of the decision “unless otherwise ordered by this Court.” As a result of this proviso, we think that, when the Supreme Court granted the writ of certiorari and thus ordered the District Court to grant the suspensive appeal or to show cause to the contrary and the District Judge, instead of attempting to show cause to the contrary, granted the appeal, the suspensive appeal automatically was clothed with authority and approval of the Supreme Court. In other words, the Su *658 preme Court said that, on the record which was before it, the appeal should have been granted unless the District Judge could show a reason to the contrary, and that, if he could not show such a reason, the granting of the appeal would follow without further action of the Supreme Court. The District Judge made no attempt to show cause to the contrary, and the suspensive appeal thus became effective. It would be contrary to reason for us to now hold that a suspensive appeal which was so granted should be dismissed.
A suspensive appeal suspends the execution of a judgment, and since the matter is here on suspensive appeal, the execution of the order of the Commission is by it suspended until our decree, whatever it may be, becomes final.
The motion to dismiss the appeal is denied.
Motion denied.