McBRIDE, Judge.
This matter arose out of State ex rel. Cousin v. Louisiana State Board of Health, La.App., 138 So.2d 829, in which an opinion and decree was handed down this day.
The Louisiana State Board of Health applied for writs of certiorari, mandamus and prohibition against the trial judge, and we issued certiorari.
As appears in the above referred to case, within fifteen days of the rendition of the judgment therein a devolutive appeal was taken on behalf of the Louisiana State Board of Health.
After fifteen days from the rendition of the judgment had elapsed, the relator, Taylor Cousin, initiated a motion for contempt against the President of the Louisiana State Board of Health for failure to comply with the judgment of court, it being suggested in the motion what whereas defendant had perfected a devolutive appeal, there should have been compliance with the judgment. The President of the Board was ordered to show cause why he should not be adjudged guilty of contempt of court. After a hearing on this contempt rule, a judgment was entered declaring that the judgment of May 11, 1961, was executory. Whereupon the President of the Board, complaining of the actions of the trial judge, applied to this court for writs as aforesaid.
The judge of this court who issued the writ of certiorari commanding the trial judge to transmit to us the record of the proceedings was of the opinion that the appeal taken by the Louisiana Board of Health had the effect of a suspensive appeal, notwithstanding it was denominated a devolu-tive appeal, because it had been perfected within the time allowed by law for the taking of a suspensive appeal, and the Louisiana State Board of Health, being a department of the State of Louisiana, was exempt from giving a bond of appeal. The time at which the appeal is taken and the character and amount of the bond determine the *837 nature of the appeal. Doll v. Dearie, La.App., 37 So.2d 61.
Whereas we have adjudicated the case on the appeal, a determination now of what was the effect of the appeal is unnecessary and this matter is moot.
Accordingly, the writ of certiorari and the rule directed to the trial judge, as well as the stay order, are now set aside and recalled.
Writ of certiorari, rule directed to the trial judge and the stay order set aside and recalled.