LOTTINGER, Judge.
Plaintiffs have suspensively appealed from the judgment rendered, read and signed in this case on January 20, 1970. The order for the appeal was signed on February 9, 1970. The suspensive appeal bond was not filed until February 26, 1970.
This Court ex proprio motu ordered the parties to show cause by briefs why the appeal should or should not be dismissed.
The plaintiffs-appellants admit in their brief, to the show cause order, that they have lost their right to a suspensive appeal by not filing the suspensive appeal bond within the required delays but they insist that they have not lost their right to a devolutive appeal. In this contention appellants are correct.
In Home Insurance Co. v. Southern Specialty Sales Co., 222 So.2d 649, the Fourth Circuit Court held that where the appellant furnished an appeal bond more than adequate to satisfy the requirements of the suspensive appeal within the 90-day delay allowed for taking a devolutive appeal, but not within the 15-day delay for suspensive appeal, the Court of Appeal would grant a devolutive appeal, notwithstanding that the appellant prayed only for a suspensive appeal. The Court stated:
“Thus we see that an appeal can and indeed must be dismissed at any time if the appellant has no right to appeal. We look then to LSA-C.C.P. Art 2123 which prescribes the method by which an appellant gains the right to a suspen-sive appeal, which is the appeal requested herein. Article 2123 provides that a sus-pensive appeal may be taken, and the security therefor furnished, only within the appropriate fifteen days. We must conclude therefore that an appellant has no right to a suspensive appeal unless he follows the procedure outlined in article 2123, and under article 2162 we must dismiss his suspensive appeal if he fails to do so. In so holding we recognize that in this case on the sixteenth day after the delay for filing the suspensive appeal order and bond began, plaintiff-appellee *808 herein had the right to execute its judgment against defendant-appellant, and the defendant-appellant did not then and does not now have available a valid method to prevent the execution of the judgment. We note however that the appellant herein did file its appeal bond within the 90 day delay allowed for taking a devolutive appeal. We also note that the record discloses that the only appeal prayed for by appellant was a suspensive appeal. However the law of this State favors appeals, and. since the appellant timely furnished an appeal bond which was more than adequate to satisfy the requirements of a suspensive appeal, we are of the opinion that it should be granted a devolutive appeal. Kitchen Center, Inc. v. Treigle, 129 So.2d 95, La.App. 4 Cir. 1961.” (Emphasis supplied.)
In E. E. Rabalais & Son, Inc. v. United Bonding Ins. Co., La.App., 225 So.2d 23, the Third Circuit Court held:
Since the application for a new trial was not timely filed, the 15-day delay for perfecting a suspensive appeal commenced at the expiration of the 3-day delay for applying for a new trial and terminated several days before the suspen-sive appeal was perfected. Therefore, the suspensive appeal was not timely perfected and must be dismissed.
“Nevertheless, we will entertain the appeal as devolutive. Our jurisprudence under LSA-C.C.P. Article 2123 is established that where a suspensive appeal is dismissed as not timely perfected, it will be considered by the court as a devolutive appeal. This is true notwithstanding the fact that the motion and order failed to include any mention of a devolutive appeal. Levingston Supply Company, Inc. v. American Employers Insurance Company, La.App., 216 So.2d 158 (1st Cir. 1958) ; Masonry Products Sales v. Gengenheimer, La.App., 199 So.2d 539 (4th Cir. 1967); State ex rel. Cousin v. Louisiana State Board of Health, La.App., 138 So.2d 836 (4th Cir. 1962); Succession of Sagona, La.App., 134 So.2d 671 (4th Cir. 1961); Kitchen Center, Inc. v. Treigle, La.App., 129 So.2d 95 (4th Cir. 1961); Ray v. Marquez, 82 So.2d 786 (Orl.App.1955).”
Therefore, for the above and foregoing reasons, the suspensive appeal herein taken is hereby dismissed and the devolutive appeal is hereby maintained.
Suspensive appeal dismissed, but appeal entertained as devolutive.