**In re Dolores I. DISLER, Debtor.**

**Daniel L. BAKST, Trustee, Plaintiff,**

v.

**Jack DISLER, Defendant.**

**Bankruptcy No. 80–00917–BKC–TCB.
Adv. No. 81–0368–BKC–TCB–A.**

United States Bankruptcy Court,
S. D. Florida.

Sept. 4, 1981.

Daniel L. Bakst, West Palm Beach, Fla., atty./trustee.

Sanford M. Brook, South Bend, Ind., for defendant.

Angus Campbell, West Palm Beach, Fla., for debtor.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks judgment against the defendant for $7,000 based upon a final judgment in an enforcement proceeding arising out of a dissolution of marriage granted in Indiana in February, 1980. The trustee is proceeding under 11 U.S.C. § 542(b).

The defendant, ex-husband of the debtor, has answered. (C. P. No. 4).

The answer incorporates a motion to dismiss on the ground that the complaint fails to state a cause of action. The motion is denied.

The matter was tried before me on September 1. There was no appearance by or for the defendant, nor has any motion for continuance been presented. The trustee's testimony was taken.

Defendant has admitted the judgment relied upon by the trustee, but has asserted a setoff in the amount of $1,240, based upon a support order entered by the same court in favor of the defendant. The trustee concedes that the debtor is indebted in that sum to the defendant and concedes the propriety of a setoff.

The answer further alleges that the debtor remarried before the dissolution decree became effective. A subsequent pleading by the defendant advises that on August 25, 1981, defendant moved the Indiana court to vacate the judgment in question on the ground that the debtor lied during the trial on May 12, 1978 in Indiana by testifying that she was not being supported by

any other individual. An attached copy of what purports to be a Florida marriage record suggests that the debtor remarried in Florida on February 19, 1978. Defendant has offered no explanation why it has taken over three years to uncover and present this issue to the Indiana court.

The issues brought to this court's attention by defendant constitute alleged intrinsic misconduct or fraud which may or may not provide a basis for direct relief from the judgment under Indiana law. It does not constitute extrinsic fraud sufficient to support a collateral attack on that judgment in this action to enforce that judgment. *Fidelity Standard Life Ins. Co. v. First National Bank & Trust of Vidalia*, D.C.Ga. 1974, 382 F.Supp. 956, aff'd. 5 Cir., 510 F.2d 272, cert. den. 423 U.S. 864, 96 S.Ct. 125, 46 L.Ed.2d 94; *Helgesson v. Helgesson*, D.C. Mass.1961, 196 F.Supp. 42, aff'd. 1 Cir., 295 F.2d 37.

■ The fact that defendant is now seeking direct relief from that judgment does not, in itself, deprive that judgment of the full faith and credit to which it is entitled. *McArdle v. Schneider*, D.C.Mass.1964, 228 F.Supp. 506; see *Lowman v. Falsetti*, 5 Cir. 1964, 335 F.2d 632, 639, cert. den. 379 U.S. 966, 85 S.Ct. 659, 13 L.Ed.2d 560.

It follows that the trustee is entitled to judgment against the defendant in the amount of $5,760. As is required by B.R. 921(a), a separate judgment will be entered to that effect. Costs will be taxed on motion.