No. 16,185.

THE ALDEN SIGN COMPANY *v.* ROBLEE.
(203 P. [2d] 915)

Decided March 7, 1949.

Mr. THEODORE J. ADAMS, Miss ALICE LOVELAND, for plaintiff in error.

Mr. C. CLYDE BARKER, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

On motion for an "order staying execution * * * until final determination of this appeal."

It appears that December 31, 1948, plaintiff in error filed transcript of the record herein, the case was docketed, and writ of error issued; that January 31, 1949, plaintiff in error filed abstract of record and specification of points; that February 19, 1949, plaintiff in error filed the motion under consideration, and February 23, 1949, defendant in error filed objections thereto. Sufficiently stated, counsel for plaintiff in error frankly say they wish to avoid making application for supersedeas, for that, as said, the court may conclude to make final determination thereon, thus preventing full presentation, as they further emphasize. Counsel for defendant in error insist that in the present state of the record, plaintiff in error, desiring stay of execution, may only proceed thereto through application for supersedeas. He, quite as frankly as opposing counsel, states that he thinks the case should be determined on such application, and in his brief in opposition to supersedeas, he will urge that course at our hands.

Originally, and for many years, as is well known to the profession, review was obtainable by appeal as a matter of right, upon bond given and approved as the then procedure provided. But by an act of 1911, "All statutes granting and regulating appeals * * * to the supreme court, in all actions, suits and proceedings, * * *, are hereby repealed." S. L. 1911, p. 11, §6. The same section provided for applications for supersedeas. Our Rule 113 provides that, "Whenever plaintiff in error desires a stay of execution pending the determination of a writ of error, he may apply to the supreme court for a supersedeas," which he may do "at any time after the filing therein of the record * * * in accordance with Rule 112." The same rule provides, that, "Pending the determination of an application for supersedeas, the court may order a stay of execution or make any other order appropriate to preserve the status quo or to pro-

tect the rights of the parties." It is further provided by said rule, that, "Upon the application for a supersedeas the court may affirm or reverse the judgment."

The absolute right to take an appeal, formerly, but no longer, obtaining, has been supplanted by statute and rule establishing the right to seek review by writ of error. If stay of execution is of importance to the plaintiff in error, seemingly so, relief in that behalf in the circumstances here, must be sought by application for supersedeas. Upon preliminary examination of the record, which application for supersedeas requires us to make, we may conclude to make final determination on the merits—indeed, we may even deny supersedeas as advised, but more often than otherwise we grant supersedeas and determine on final submission. The possibility that we might conclude to determine upon the application for supersedeas in any given instance, does not relieve plaintiff in error from making such application.

It follows that the motion here should be denied; but without prejudice to the right of plaintiff in error, if so advised, to file application for supersedeas.

Let it be ordered accordingly.