# In re Orvel A. Forslund

[189 A.2d 537]

January Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed March 6, 1963

*Edmunds, Austin & Wick* for the petitioner.

*Douglas C. Pierson* for the petitionee.

**Hulburd, C. J.** This is a habeas corpus proceeding, involving child custody, brought by the mother before the Chittenden County Court following a California divorce. The history of this litigation, about which there is no dispute, is as follows. On August 25, 1956, Orvel A. Forslund brought a divorce proceeding against Eleanor Forslund in California. Mrs. Forslund filed a cross-complaint. On April 24, 1957, the California court entered an interlocutory judgment and decree of divorce to Mrs. Forslund on the grounds of cruelty. In doing so, the court reserved jurisdiction as to the custody of the minor children: Sharon Ann (born July 2, 1947), Robert Alan (born August 27, 1948) and Laurence Stephen (born August 7, 1953). At the time the children were under the jurisdiction of the Juvenile Court and the court ordered that this jurisdiction was to continue until further order.

On June 29, 1961, Mrs. Forslund petitioned for custody of the children and reasonable support. Mr. Forslund, in turn, moved for

a final judgment of divorce *nunc pro tunc*. The court responded by entering final judgment of divorce on July 11, 1961, the decree to be of record as of April 25, 1958. A hearing followed on Mrs. Forslund's petition for custody on September 7, 1961. The court denied her motion as to Sharon and Robert and put these two children in the custody of their father, but gave the mother visitation rights on alternate weekends. By agreement of parties the mother's motion was granted as to the custody of the youngest child, Laurence. The order to this effect was not signed by the court until April 6, 1962. It was never served upon Mrs. Forslund.

In November 1961, Mr. Forslund moved from California to Vermont taking Sharon and Robert with him. The following May, within a month's time of the signing of the last custody order, Mrs. Forslund instituted another custody modification proceeding. This was started on May 3, 1962 and ordered Mr. Forslund to appear on May 29, 1962 to show cause why the order signed April 6, 1962 should not be modified. Service under this show-cause order was made on Mr. Forslund in conformity with the provision of the California statutes by mailing to his last known address and serving his attorney of record, but, in fact, Mr. Forslund never had actual notice of the pending proceeding. The matter came on for hearing on June 26, 1962, Mrs. Forslund alone appearing. It resulted in a new custody order dated June 26, 1962, and filed June 29, 1962, by which the old order was amended so that it awarded custody of Sharon and Robert to Mrs. Forslund.

Armed with this latest custody order, without waiting for the expiration of time for a possible appeal, Eleanor came to Vermont, and on July 27, 1962 instituted this habeas corpus proceeding to effectuate the custody in her of the children concerned.

Mr. Forslund became apprised of the latest custody order of the California courts only when Mrs. Forslund came to Vermont for the purpose stated, and he immediately set about seeking an appeal, through an attorney, of the California court's order. This appeal is now pending in the California courts.

At the same time, here in Vermont, he sought to show, in the habeas corpus proceedings, that since the date of the issuance of the modification order in California a change in circumstances had taken place whereby "the children most properly should remain in his

custody." He also moved to dismiss on the ground that the order upon which Eleanor relies is not a final judgment but is awaiting a review on appeal and that the circumstances do not justify issuance of the writ; furthermore, he requested a continuance in order to obtain a transcript of the California proceedings to use in connection with his allegation of changed circumstances. The county court denied his motions and offer of proof but withheld issuance of the writ of habeas corpus for ten days to permit him to appeal its orders. Within this period he comes here with his appeal.

Meanwhile, on July 27, 1962, Mr. Forslund brought a custody petition to the Chittenden County Court of Chancery in which he sought an adjudication *de novo* of the entire custody question. Mrs. Forslund was served with process in this cause at Burlington, Vermont. This proceeding is still pending.

The law is settled in this state that where habeas corpus is used in child custody cases the court will be guided solely by what it finds to be for the best interests of the child under the circumstances. To that end, although a valid foreign decree is res adjudicata as between the parents upon facts as they existed on the date of the decree, it has no binding, conclusive or even persuasive effects as to any events or changed conditions which may have occurred since that date. *In re Cooke,* 114 Vt. 177, 180, 41 A.2d 177. Accordingly, it always is proper that a parent should have the opportunity to put before the court evidence of changed conditions. If it were necessary to turn the case on this point, we think we would be required to do so. In this connection, we wish to remark that the appellant makes an ingenious but unconvincing argument, in which he claims that the children should have had notice of the California custody proceedings. Calling attention to the necessity of notice to children, fourteen years or older, in guardianship proceedings under the California code, he contends that by analogy the children should have had notice of the custody proceedings so that they might express any preference they might have. Although this argument is of no avail as bearing on the jurisdiction of the California court, it does point up a problem in connection with the matter of changed conditions. Where it appears from the circumstances before the courts in this state that the desires of the children, of the age of these, have not been taken into account by the court making the custody order brought here, their opposition

to the custody order, upon learning of it, may of itself constitute a change of circumstances requiring the courts here to review the entire situation in the light of that opposition.

It is not on this proposition, however, that we think we should turn this case. An insurmountable difficulty here is that Mrs. Forslund is coming to Vermont with an order which is not final. It is under appeal. The parties in their agreed statement are in accord that under California law an appeal from a custody order, such as we have here, does not operate as a stay. Hence, it is apparently assumed that it remains in full force and effect. But this is not the point. The point is that it has not finally been determined to be a valid order in California. On appeal it may be held otherwise. If this state sets out to give effect to the California order, before the appeal has been determined, it might find that it was assisting to compound error. "Full faith and credit" applies only where there has been a final judgment on the merits of a case. *Miller* v. *Miller,* 123 Vt. 221, 186 A.2d 93. We think that the application for the writ failed to show that this was a final judgment in the respect indicated. Since the pending petition is based entirely on the California order, the court below should have dismissed the proceeding in accordance with the first ground of the appellant's motion.

*Proceeding dismissed.*