**Dorothy A. TARR, Plaintiff,**
v.
**Donald F. TARR, Defendant.**
**Civ. A. No. 3156.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 12, 1974.

H. R. Silvers, Greeneville, Tenn., for plaintiff.

Ferdinand Powell, Jr., and Harry W. Lawrence, Johnson City, Tenn., for defendant.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff Mrs. Tarr was granted a divorce and other relief from her husband, the defendant Dr. Tarr in a Flori-

## 1054

da court. Subsequently, the plaintiff moved for a judgment of arrearages in the payments of alimony ordered and for court costs and attorneys' fees. The trial court therein entered judgment for the plaintiff and against the defendant for an aggregate of $12,023. Dorothy A. Tarr, plaintiff v. Donald F. Tarr, defendant, case no. 67–8355 in the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida, general jurisdiction division, order and final judgment of November 16, 1973.

On December 14, 1973, the defendant gave notice of an appeal therefrom to the District Court of Appeal (of Florida), Third District. It does not appear from the records exhibited to this Court that the defendant-appellant therein applied seasonably to the trial court for an order fixing the amount, terms and conditions for a good and sufficient bond to be payable to the plaintiff-appellee. Such judgment, therefore, was not stayed or superceded by the appeal. Rule 5.2, Florida Appellate Rules, Florida Statutes Annotated.*

The plaintiff invoked the diversity jurisdiction of this Court, *inter alia*, to enforce the money judgment of the Florida court. The defendant moved to dismiss this action on the grounds that a suit in equity is not presented within the meaning of the Constitution, Article III, or a civil action within the meaning of 28 U.S.C. § 1332, and that the Florida judgment is not final. There is no merit to this motion.

Although the Constitution of the United States confers no power whatever on the national government to regulate the dissolution of marriage in the states and federal courts have no jurisdiction of an action for divorce, In Re Wilson, D.C.Tenn. (1970), 314 F.Supp. 271, 272[1], [2], this Court does have jurisdiction to enforce a money judgment of a state other than Tennessee between divorced citizens of different states. Barber v. Barber (1859), 62 U. S. (Howard) 582, 21 How. 582, 584, 16 L.Ed. 226. As the money judgment entered by the Florida court, *supra*, has not been stayed or superceded, it is entitled to enforcement in this Court under the doctrine of full faith and credit notwithstanding this appeal. Maner v. Maner, C.A. 5th (1969), 412 F.2d 449, 451[2].

As to the enforcement of the Florida money judgment by this Court, the motion of the defendant hereby is overruled. The Court indicates no opinion thereby at this time as to whether it has jurisdiction to grant the equitable relief the plaintiff seeks herein.

---

* "Every appeal taken to the Court from a final decision, judgment or decree shall operate as a stay or supersedeas upon posting bond under the conditions specified herein." Rule 5.2, F.A.R.

"If a party desires to supercede a final decision, judgment, order or decree, he shall at the time the appeal is taken, or at any time prior to filing the record-on-appeal in the Court, apply to the lower court for an order fixing the amount, terms and conditions for good and sufficient bond to be payable to the adverse party." Rule 5.5, F.A.R.

"When the decision, judgment, order or decree requires or provides unconditionally for the payment or recovery of money, the bond shall be conditioned to satisfy the judgment or decree or any modification not increasing the amount thereof, in full, including costs, interest (if chargeable), and damages for delay, in event the appeal be dismissed or the judgment, order or decree is affirmed." Rule 5.7, F.A.R.