**Vankirk E. FEHR and Geoffrey W. Robertson, Appellants,**

v.

**Jerome P. McHUGH, Jerome P. McHugh, as Trustee, Recreation Land Company, Dwight T. Johnson, and Denver Internal Medicine Associates, a Professional Company Profit-Sharing Trust, Appellees.**

No. 79–273.

District of Columbia Court of Appeals.

Argued Jan. 17, 1980.

Decided March 31, 1980.

J. P. Janetatos, Washington, D. C., with whom C. David Swenson, Washington, D. C., was on brief, for appellants.

David Epstein, Washington, D. C., with whom Janis M. Goldman, Washington, D. C., was on brief, for appellees.

Before NEWMAN, Chief Judge, and KERN and FERREN, Associate Judges.

PER CURIAM:

This is an appeal from a decision granting plaintiffs' motion for summary judgment on February 27, 1979. The Superior Court ordered execution on a judgment against the defendants which was originally rendered by the state of Colorado. The sole issue presented by this case is whether a foreign money judgment which is on appeal in the rendering state but is yet enforceable there, is immediately enforceable in the District of Columbia. We conclude that it is and affirm.

## I

On October 24, 1977, the District Court of Denver, Colorado, entered judgment against the defendants, Fehr and others, in the amount of $267,533, arising from the distribution of assets to themselves against the interests of creditors.[1] Although the judgment was immediately appealed in Colorado, and is currently awaiting decision, defendants (appellants) did not post a supersedeas bond nor otherwise obtain a stay of execution of the judgment pending the appeal. As a result of the failure to post bond, it is agreed that the Colorado judgment is presently enforceable in that state.

Seeking to enforce the judgment in the District of Columbia, plaintiffs filed a complaint in the Superior Court. Plaintiffs (appellees) filed a motion for summary judgment in which they argued, inter alia, that the Colorado judgment was final and enforceable in Colorado and was therefore entitled to enforcement in the District of Columbia. Defendants filed an opposition to plaintiffs' motion contending, inter alia, that the Colorado judgment was not entitled to immediate enforcement since it was currently pending appeal in Colorado.

The trial court granted plaintiffs' motion for summary judgment and denied defendants' request for a stay until the outcome of the Colorado appeal. This appeal followed.[2]

## II

 Article IV § 1 of the Constitution commands that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Under the Full Faith and Credit Clause of the Constitution, a judgment properly authenticated and issued by a court having jurisdiction is entitled to the same degree of recognition in a sister state as would be afforded by the state of original rendition. *Johnson v. Muelberger*, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951);

1. *Findings of Fact, Conclusions of Law and Judgment of Honorable James C. Flanigan in the District Court In and For the City and County of Denver and State of Colorado,* dated October 24, 1977.

2. This court granted a stay conditional upon the posting of a bond in an amount to be determined by the Superior Court. On March 21, 1979, Judge Pryor of the Superior Court set the amount of the bond at $290,000. That amount was never posted.

*Magnolia Petroleum Co. v. Hunt,* 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943); *Riley v. New York Trust Co.,* 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885 (1942); *Milwaukee County v. White Co.,* 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935); *Roche v. McDonald,* 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365 (1928). Pursuant to this provision and in furtherance of federalism and national unity, Congress has provided that judgments "shall have such faith and credit . . . in every court within the United States as they have by law or usage in the courts of the State from which they are taken." Act of May 26, 1790, c. 11, 1 Stat. 122, as amended, 28 U.S.C. § 687. Thus, it has long been recognized that even judgments antithetical to the laws and policies of a state in which execution is sought may be granted the "same credit, validity and effect" in that forum when in accordance with the statutes of the state where it was pronounced. *Hampton v. McConnel,* 16 U.S. (3 Wheat.) 234, 4 L.Ed. 378 (1818); *see Kenney v. Supreme Lodge,* 252 U.S. 411, 40 S.Ct. 371, 64 L.Ed. 638 (1920) (wrongful death judgment accruing from fatality and action in another state, enforceable despite law in state of execution prohibiting suits for death occurring in a different state); *Christmas v. Russell,* 72 U.S. (5 Wall.) 290, 18 L.Ed. 475 (1866)) (execution in a sister state required despite the fact that action would have been proscribed in the enforcing state due to running of the statute of limitations); *Fauntleroy v. Lum,* 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908) (judgment on a gambling debt obtained in a sister state enforceable despite invalidity of contract in state where made and executed).

■ Despite the significance of the full faith and credit doctrine, an action must be final in order to be subsumed under the clause and entitled to recognition in other states. *Cf. Sistare v. Sistare,* 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910) (alimony payments not subject to modification are final and entitled to enforcement under full faith and credit clause). Although a final judgment is generally defined as an order "which disposes of the cause both as to the subject matter and the parties as far as the court has power to dispose of it," 49 C.J.S. *Judgments* § 11, at 35 (1947) (footnote omitted); *see also Commonwealth of Virginia v. United States,* 386 F.Supp. 1319 (D.D.C. 1974), *aff'd,* 420 U.S. 901, 95 S.Ct. 820, 42 L.Ed.2d 833 (1975), the validity and finality of an action must ultimately be determined in accordance with the laws of the state where it was originally brought. *Koehne v. Price,* D.C.Mun.App., 68 A.2d 806 (1949). Thus, a judgment will not be afforded any greater degree of deference or finality than prescribed by the state of rendition. *Fowler v. Pilson,* 74 App.D.C. 340, 123 F.2d 918 (1941), *cert. denied,* 316 U.S. 664, 62 S.Ct. 944, 86 L.Ed. 1740 (1942); *Junghans v. Junghans,* 72 App.D.C. 129, 112 F.2d 212 (1940); *Operative Plasterers' International Association v. Case,* 68 App.D.C. 43, 93 F.2d 56 (1937).

■ In this case, the judgment which was enforced by the lower court was originally entered by the Colorado District Court. It is undisputed by both parties that since defendants failed to file the necessary supersedeas bond to stay execution pending appeal, the judgment was and is enforceable in Colorado pursuant to Rule 62(d) Rules of Civil Procedure for Courts of Record in Colorado. *See also Alden Sign Co. v. Roblee,* 119 Colo. 409, 203 P.2d 915 (1949) (en banc). Given the fact that the money judgment is final under Colorado law, we hold that the mere existence of a pending appeal does not deprive the order of the requisite degree of finality entitling it to recognition under the Full Faith and Credit Clause of the Constitution. *See Maner v. Maner,* 412 F.2d 449 (5th Cir. 1969) (where filing of appeal did not automatically stay proceedings and appellant did not file a supersedeas bond, the judgment was entitled to recognition in another forum under the Full Faith and Credit Clause); *A. Coolot Co. v. L. Kahner & Co.,* 140 F. 836 (9th Cir. 1905) (same); *Fidelity Standard Life*

Insurance Co. v. First National Bank & Trust Co., 382 F.Supp. 956 (S.D.Ga.1974), aff'd, 5th Cir., 510 F.2d 272, cert. denied, 423 U.S. 864, 96 S.Ct. 125, 46 L.Ed.2d 94 (1975) (same); Tarr v. Tarr, 391 F.Supp. 1053 (E.D.Tenn.1974) (same); Woodbridge & Turner Engineering Co. v. Ritter, 70 F. 677 (C.C.E.D.Pa.1895) (same); Faber v. Hovey, 117 Mass. 107 (1875) (same); Lonergan v. Lonergan, 55 Neb. 641, 76 N.W. 16 (1889) (same); Weiss v. Metalsalts Corp., 72 N.J. Super. 264, 178 A.2d 240 (1962) (same); Ebner v. Steffanson, 42 N.D. 229, 172 N.W. 857 (1919) (same); Armstrong v. Armstrong, 99 Ohio App. 7, 130 N.E.2d 710, aff'd on other grounds, 162 Ohio St. 406, 123 N.E.2d 267 (1954), aff'd, 350 U.S. 568, 76 S.Ct. 629, 100 L.Ed. 1469 (1956) (same); Schwartz v. Vecchiotti, 529 S.W.2d 603 (Tex.Civ.App.1975) (same); Sweeter v. Fox, 43 Utah 40, 134 P. 589 (1913) (same); cf. Bank of America v. Wheeler, 28 Conn. 433 (1859) (judgment obtained from court of a sister state was a valid defense to a second suit filed in another forum).[3] We hold the lower court did not err in enforcing the judgment.

*Affirmed.*

---

**3.** Appellants cite two cases—both of which are inapposite—in support of the proposition that the Superior Court should not have enforced the judgment. In In re Forslund, 123 Vt. 341, 189 A.2d 537 (1963), the Vermont court refused to enforce a California custody order which was on appeal. Unlike Forslund, where the forced movement of children among parents and the resulting emotional upheaval, mitigated against enforcement, there are no such equivalent factors requiring precaution in the present case. But see Ferster v. Ferster, 220 Ga. 319, 138 S.E.2d 674 (1964), where even in a child custody case, the court held that the decision of a sister state was entitled to recognition. In this case, however, we do not address the issue of whether or not a child custody judgment pending appeal in a foreign jurisdiction would be enforceable in the District of Columbia. Instead, we reserve judgment on matters involving such equitable considerations and restrict our holding to cover only those type of cases in which a party is attempting to enforce a money judgment from a foreign jurisdiction.

Thorley v. Superior Court, 78 Cal.App.3d 900, 144 Cal.Rptr. 557 (1978), cited by appellants, is equally inapposite. In Thorley, after a will had been admitted to probate in Utah, the California court held that although the Utah decree "was final for purposes of execution in the state of rendition, . . . [and] could be regarded no less than final in California" id. at 907, 144 Cal.Rptr. at 562, it was not an abuse of discretion for the Superior Court to delay in admitting the foreign will to probate. This does not suggest, as appellants urge, that the trial judge *must* always delay, but merely indicates that the lower court's action in this specific instance did not constitute an abuse of discretion.