NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 16

No. 2021-159

| | |
|---|---|
| Zev D. Nijensohn | Supreme Court |
| | |
| v. | On Appeal from<br>Superior Court, Lamoille Unit,<br>Civil Division |
| | |
| Michael J. Ring, Esq. & Highland Realty Trust, LLC | December Term, 2021 |

Mary Miles Teachout, J.

Russell D. Barr and Chandler W. Matson of Barr Law Group, Stowe, for Plaintiff-Appellant.

William F. Grigas of Stackpole & French Law Offices, Stowe, for Defendant-Appellee Ring.

Christopher D. Roy of Downs Rachlin Martin PLLC, Burlington, for Defendant-Appellee
 Highland Realty Trust LLC.


PRESENT:  Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Howard, Supr. J. (Ret.),
         Specially Assigned


¶ 1.    **REIBER, C.J.**    This appeal involves a dispute over the sale of real property in Vermont arising out of an ongoing divorce proceeding in Massachusetts.  In dividing the divorcing parties' assets, the Massachusetts court ordered a special master to sell the Vermont property.  After the sale, plaintiff filed an action in the civil division of Vermont superior court to rescind the sale and quiet title to the property.  Applying the doctrine of comity, the civil division dismissed his action, deferring to the ongoing proceeding in Massachusetts.  Plaintiff appeals, arguing that the civil division should not have dismissed his suit on comity grounds because the Massachusetts court lacked jurisdiction to order the special master to sell the property.  We conclude that the civil division acted within its discretion and affirm.

¶ 2.     We begin by recounting the procedural history of the Massachusetts divorce proceeding and related actions filed in Vermont.  In 2017, plaintiff's wife filed for divorce in Massachusetts.  The couple owned a second home in Stowe, Vermont.  In 2018, the Massachusetts Probate and Family Court appointed a special master, Attorney Michael Ring, and authorized him to "perform all acts necessary to facilitate the listing and sale" of the property.  The Massachusetts court ordered each party to fully cooperate with the sale process suggested by Attorney Ring.

¶ 3.     After the divorce trial, in February 2019, the Massachusetts family court ordered Attorney Ring to "immediately engage the services of a real estate agent of his choosing in Vermont" to list the property for sale.  This order gave Attorney Ring the power to sign agreements, set the listing price, negotiate, accept offers, and sign the purchase and sale agreement. The order also required the parties to "fully and promptly cooperate" with Attorney Ring.

¶ 4.     In August 2019, the Massachusetts family court issued a divorce decree nisi that required the "previously ordered sale process" for the property to "continue until the real estate is sold" and ordered the parties to continue cooperating with Attorney Ring to facilitate the sale. Subsequently, plaintiff appealed several of the court's rulings, including the divorce decree.

¶ 5.     In the interim, Attorney Ring filed a petition in the family division of Vermont superior court, asking the court to domesticate the orders of the Massachusetts family court and recognize his authority to sell the property.  Plaintiff filed a motion to dismiss, explaining that his Massachusetts appeal meant that the orders were not final and therefore not entitled to recognition in Vermont under the Full Faith and Credit Clause of the U.S. Constitution.  See U.S. Const., art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.").  The family division agreed and dismissed the petition in January 2020.

¶ 6.     Back in Massachusetts, plaintiff filed a motion in the Massachusetts Appeals Court to stay the sale of the property pending appeal.  The court denied the motion in May 2020,

2

concluding that plaintiff had failed to show irreparable harm and that his likelihood of success on the merits, as well as the potential harm to his wife, weighed against granting the motion.

¶ 7. Shortly thereafter, the Massachusetts family court issued a contempt order against plaintiff. The order stated that the appeals court's denial of plaintiff's motion for a stay "provides an opportunity for Attorney Ring to again seek certification of this authority to convey the parties' real estate in Vermont, all as had been previously ordered by this Court." The order further stated that if the parties failed to sign the sale documents, "Attorney Ring has full authority to effect conveyance to a bona fide third-party purchaser of the parties' Vermont real estate."

¶ 8. In September 2020, Attorney Ring entered into an agreement with a buyer, Highland Realty Trust LLC, to purchase the Stowe property. As part of the sale, the parties agreed to hold back $100,000 in escrow, half of which was to be released upon a final, non-appealable divorce decree, or all released upon the delivery of a deed signed by both plaintiff and his wife. Without this deed, the remaining $50,000 was to be used "to reimburse the buyer for any actual costs incurred and attorney's fees to defend any action by the seller(s)." The agreement also provided that the transaction was "subject to and conditioned upon the issuance by the Lamoille Superior Court of the entry of a decree for incorporating a foreign judgment." Attorney Ring asked the divorcing parties to agree to the sale and sign the deed. Plaintiff's wife agreed to sell the property, but plaintiff did not respond. Despite plaintiff's unwillingness to cooperate, Highland Realty accepted a deed from Attorney Ring along with an affidavit attesting to his authority from the Massachusetts family court.

¶ 9. In January 2021, plaintiff filed the instant action in the civil division of Vermont superior court against Attorney Ring and Highland Realty. He alleged that Attorney Ring lacked authority to sell the property to Highland Realty and asked the court to rescind the contract, quiet title, and hold Attorney Ring in contempt for failure to follow the Vermont family division's order

3

dismissing Attorney Ring's petition for domestication. Defendants moved to dismiss the complaint. .

¶ 10. The civil division held a hearing in March 2021. Counsel for Attorney Ring argued that the court should dismiss the case because the property was marital property within Massachusetts's jurisdiction and thus Vermont courts lack subject matter jurisdiction. In addition, counsel for Highland Realty argued that the Vermont court should defer to the Massachusetts proceeding as a matter of comity. Plaintiff's counsel maintained that Vermont courts have jurisdiction over real property located within the state and that Attorney Ring should not have sold the property until his appeal in Massachusetts was resolved and a final order could be domesticated in Vermont recognizing his authority. When the civil division asked plaintiff's counsel why he did not bring this action in Massachusetts, he explained that the sale was a Vermont transaction involving Vermont property and that he didn't believe that "going to Massachusetts to try to change that order would have any impact on what happens here in Vermont."

¶ 11. The civil division granted defendants' motions to dismiss. While the civil division determined that it had jurisdiction to quiet title to Vermont property, it concluded that consistent with the principles of comity, under which a court may recognize or defer to the acts of another jurisdiction, it would dismiss the complaint to avoid interfering with the pending action in Massachusetts. Plaintiff moved to reconsider, arguing that comity was inappropriately applied, and the civil division declined to disturb its judgment.

¶ 12. On appeal, plaintiff argues that the civil division erred by dismissing his case on comity grounds. He contends that because the property is located in Vermont, the Massachusetts court lacked jurisdiction to order Attorney Ring to directly convey the property, relying principally on Fall v. Eastin, 215 U.S. 1, 7-8 (1909) (establishing that court in one state cannot determine title to property in another state "by its decree, nor by a deed made by a master in accordance with the decree" but may indirectly affect title by ordering party to take action with respect to property).

4

As a result, plaintiff argues, the civil division erroneously deferred to the Massachusetts proceeding under principles of comity.

¶ 13.   Comity principles may apply when multiple courts have jurisdiction over the same dispute.  The doctrine "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."  Rhines v. Weber, 544 U.S. 269, 274 (2005) (quotation omitted); see also Cavallari v. Martin, 169 Vt. 210, 215, 732 A.2d 739, 743 (1999) ("[I]n appropriate circumstances, principles of comity can provide a[] . . . basis for nonintervention by a Vermont court in a dispute that has already come before some other forum."). Under this doctrine, courts have discretion to stay or dismiss a proceeding if "an action concerning the same parties and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice."  Angelopoulus v. Angelopoulus, 2 N.E.3d 688, 695 (Ind. Ct. App. 2013); see also Restatement (Second) of Conflict of Laws § 86 cmt. b (1969) (explaining that "where it is clear that plaintiff can secure all the relief to which [they are] entitled in the first action . . . courts will frequently, in their discretion, grant a stay of the second action pending the outcome of the first").  We have explained that comity "is designed to foster cooperation among the states, preclude forum shopping, avoid multiple or inconsistent judgments, and promote judicial economy."  Chandler v. Vt. Mut. Ins. Co., 2014-030, 2014 WL 3714930, *2 (Vt. May 9, 2014)   (unpub.   mem.),   https://www.vermontjudiciary.org/sites/default/files/documents/eo14-030.pdf [https://perma.cc/QB4C-56KS]; see also McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co., 263 A.2d 281, 283 (Del. 1970) (explaining that where similar action is pending in another jurisdiction, exercising discretion to stay or dismiss case "should be exercised freely" to "avoid[] wasteful duplication of time, effort, and expense . . . [caused by] adjudication of the same cause of action in two courts" and avoid "possibility of inconsistent and conflicting rulings and judgments").

5

¶ 14.    As an initial matter, the parties disagree about the appropriate standard under which this Court should review a dismissal on comity grounds. Plaintiff contends that because the civil division dismissed his complaint, we should review the court's decision without deference. See Skaskiw v. Vt. Agency of Ag., 2014 VT 133, ¶ 6, 198 Vt. 187, 112 A.3d 1277 (noting that Court "review[s] decisions on a motion to dismiss de novo under the same standard as the trial court"). Defendants counter that dismissals based on comity are discretionary and should therefore be reviewed for abuse of discretion. See Maghu v. Singh, 2018 VT 2, ¶¶ 26-27, 206 Vt. 413, 181 A.3d 518 (concluding that court did not abuse discretion in declining to defer to Indian law).

¶ 15.    We conclude that a decision dismissing an action under comity principles should be reviewed for abuse of discretion. Our case law is clear that "[c]omity is not a rule of law, but one of practice, convenience, and expediency." In re Dennis' Estate, 98 Vt. 424, 426, 129 A. 166, 167 (1925). Comity "has the power to persuade but not command." Boston L. Book Co. v. Hathorn, 119 Vt. 416, 422, 127 A.2d 120, 125 (1956) (quotation omitted). As such, applying comity principles requires the exercise of judicial discretion. See State v. Hunt, 145 Vt. 34, 43, 485 A.2d 109, 113 (1984) (defining judicial discretion as " 'sound discretion,' not discretion exercised arbitrarily, but with due regard for that which is right and equitable under the circumstances, and directed by reason and conscience to a just result" (quotation omitted)). Accordingly, a decision on comity grounds should be reversed only for abuse of that discretion. See Maghu, 2018 VT 2, ¶ 26; see also Unified CCR Partners v. Zimmer, 2016 VT 33, ¶ 15, 201 Vt. 474, 144 A.3d 1045 ("A trial court's discretionary rulings are examined under an abuse of discretion standard of review, which requires a showing that the trial court has withheld its discretion entirely or that it was exercised for clearly untenable reasons or to a clearly untenable extent." (quotation omitted)).

¶ 16.    Applying that standard here, we discern no abuse of discretion. In seeking to rescind the sale of the property, plaintiff challenges the Massachusetts family court's jurisdiction

to order Attorney Ring to directly sell the Vermont property. As plaintiff's appeal of the divorce decree and related orders remains pending in Massachusetts, the civil division was well within its discretion to dismiss this action to give the Massachusetts courts the first "opportunity to pass upon the matter." Rhines, 544 U.S. at 274 (quotation omitted). In this case, dismissal serves the purpose of the comity doctrine by avoiding multiple or inconsistent judgments that could result from both Vermont and Massachusetts courts adjudicating this claim.

¶ 17. Plaintiff's arguments to the contrary are unavailing. Plaintiff first maintains that Vermont courts should not defer to another state's court order where that court lacked jurisdiction to enter the order. He points to a case where the Court of Appeals of Kansas determined that the state of Nebraska lacked authority to directly sell real property located in Kansas, and thus concluded that the Nebraska decree "should not be given effect in Kansas based on comity." Ward v. Hahn, 400 P.3d 669, 676 (Kan. Ct. App. 2017).

¶ 18. Plaintiff's argument confuses principles of comity that apply to a final order with the principles that apply to an ongoing proceeding. Regarding a final order, a court may enforce an order issued under the law of another jurisdiction "not as a matter of obligation" under the Full Faith and Credit Clause of the U.S. Constitution, but "out of deference and respect" to the other jurisdiction as a matter of comity. Padron v. Lopez, 220 P.3d 345, 358 (Kan. 2009). In Ward, the Kansas court applied these principles in considering whether to recognize the Nebraska decree where there was no indication that the decree had been appealed or was otherwise not final. 400 P.3d at 671-72. Here, however, the civil division did not defer to a specific order of the Massachusetts family court but instead to "the pending case in Massachusetts" as a whole. In this context, the civil division did not apply comity principles to recognize a particular judgment from the Massachusetts court, but rather to afford the Massachusetts courts—the jurisdiction in which this litigation began—the first opportunity to determine the issue. Thus, in affirming the civil division's decision, we emphasize that we do not reach the merits of plaintiff's jurisdictional

7

argument. Instead, we merely acknowledge that the civil division appropriately exercised its discretion to defer to the Massachusetts proceedings, where plaintiff may pursue his claim.

¶ 19. Relatedly, to the extent that plaintiff argues that the Massachusetts courts cannot grant complete relief because they lack jurisdiction over the property, we find this argument unconvincing. The Massachusetts family court had jurisdiction over the parties to grant the divorce and divide their marital property. See Mass. Gen. Laws ch. 215 § 3 (establishing probate court jurisdiction over divorce actions); id. ch. 208 § 34 (authorizing probate court to divide marital property in divorce action); Bianco v. Bianco, 358 N.E.2d 243, 245 (Mass. 1976) (explaining that statute gives court "power to dispose completely of the property of [divorcing] litigants" through equitable division). The court also had jurisdiction over Attorney Ring as special master. See Mass. R. Dom. Rel. P. 53 (governing appointment and authority of master in divorce proceeding). The Massachusetts Appeals Court unquestionably has authority to consider whether the family court's grant of authority to Attorney Ring exceeded its jurisdiction, see Mass. Gen. Laws ch. 211A § 5 (establishing jurisdiction of appeals court), and to determine whether the family court's division of property was "plainly wrong and excessive," Baccanti v. Morton, 752 N.E.2d 718, 724 (Mass. 2001) (citing standard under which Massachusetts appellate courts review judgment dividing property) (quotation omitted). Accordingly, the Massachusetts courts can grant all relief to which plaintiff may be entitled.

¶ 20. Next, plaintiff argues that Vermont courts should not apply principles of comity to recognize an order that contradicts Vermont law. He maintains that the Massachusetts order counters Vermont law because under the Vermont Rules of Family Proceedings, any order disposing of real property is automatically stayed prior to and pending appeal. See V.R.F.P. 12(a) (providing for automatic stay of judgment for thirty days after entry of judgment or until appeal period expires, with exceptions not applicable to orders involving real property); V.R.F.P. 12(d) (providing that judgment stayed under Rule 12(a) is also stayed during pendency of appeal).

¶ 21. Comity "never requires a court to give effect to the laws of another state which conflict with those of its own state." Maghu, 2018 VT 2, ¶ 26 (quotation omitted). However, this is not a technical rule that prohibits deference where the laws of two jurisdictions are not identical; this doctrine is intended to explain that comity principles do not bind Vermont courts to accept foreign judgments that violate Vermont public policy. Cf. Montaño v. Frezza, 2017-NMSC-015, ¶ 12, 393 P.3d 700 ("The law of the [foreign jurisdiction] must not only contravene [state] public policy, but be sufficiently offensive to that policy to outweigh the principles of comity." (quotation omitted)). For example, in Maghu, a couple married in India and moved to Vermont, and the husband later filed for no-fault divorce. The wife sought to dismiss the complaint in part on comity grounds, arguing that India only recognizes fault grounds for divorce. We rejected this argument, explaining that a contrary decision "would require the trial court to disregard the clear policy established by the Legislature and reflected in our statutes" and could result in "[a]n untold number of Vermont residents [being] denied access to a divorce . . . merely because a party was married in a country with divorce laws inconsistent with those of Vermont." Maghu, 2018 VT 2, ¶¶ 27, 30. In that case, deferring to Indian law would have clearly violated our public policy regarding no-fault divorce.

¶ 22. Unlike in Maghu, here plaintiff has failed to show that the Massachusetts procedure for considering stays pending appeals violates the policy underlying Family Rule 12 such that it outweighs the comity principles outlined above. Plaintiff maintains that Vermont law reflects the policy that real property rights should be preserved pending appeal because such rights "cannot simply be given back should the appellate process reveal error," essentially arguing that he will suffer irreparable harm even if he succeeds on appeal. Under Massachusetts Rule of Appellate Procedure 6(a), a single justice of the Massachusetts Appeals Court reviews an application for a stay of a lower court order. The appellant must show the likelihood of success on the merits, the likelihood of irreparable harm if the stay was denied, the absence of substantial harm to the other

party if the stay was granted, and the absence of harm to the public interest if the stay was granted. C.E. v. J.E., 37 N.E.3d 623, 625-26 (Mass. 2015).  After plaintiff moved for a stay of the transfer of assets ordered in the divorce judgment, the Massachusetts Appeals Court applied this test and concluded that plaintiff "failed to demonstrate that the harm to him, if the stay does not issue, is irreparable."  The court also noted that the likelihood of plaintiff's success on the merits and the relative harm to his wife if the judgment was stayed weighed against granting the stay.  Thus, a stay pending appeal was available to plaintiff under Massachusetts law, but he failed to demonstrate that it was warranted.  As such, the civil division was within its discretion to determine that the procedure by which the Massachusetts court determines stays pending appeal was not fundamentally opposed to the public policy underlying Vermont's automatic-stay rule.

¶ 23.  Likewise, we reject plaintiff's argument that dismissal based on comity was inappropriate because Attorney Ring's sale of the property subverted the Vermont family division's order denying his domestication petition.  That order merely explained that because plaintiff appealed the Massachusetts family court orders, they were not final and thus not entitled to full faith and credit in Vermont under Article IV, § 1 of the U.S. Constitution.  See In re Forslund, 123 Vt. 341, 344, 189 A.2d 537, 539 (1963) (explaining that orders of another state are only entitled to full faith and credit "where there has been a final judgment on the merits of a case").  The order did not determine that Attorney Ring lacked authority to transfer the property absent a domestication order or otherwise prohibit the sale of the property.

Affirmed.

FOR THE COURT:

_____

Chief Justice

10