VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.  25-AP-255

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

JANUARY TERM,  2026

| | |
|---|---|
| Philip Brousseau\* and Martin Morales\* v. Timothy Dinehart and ABC Legal Services, LLC | } } } } } } } } | APPEALED FROM: <br><br> Superior Court, Chittenden Unit, Civil Division CASE NO. 24-CV-05457 Trial Judge: Samuel Hoar, Jr. |

In the above-entitled cause, the Clerk will enter:

Plaintiffs Philip Brousseau and Martin Morales appeal pro se from the dismissal of their complaint against defendants. We affirm.

Mr. Brousseau is a defendant in a pending New York State collection action filed by Bank of America in June 2024. Mr. Morales acted as a paralegal for Mr. Brousseau. In December 2024, plaintiffs filed this suit in Vermont against the company that served Mr. Brousseau with the New York complaint and an individual who works for the company. Plaintiffs alleged various deficiencies with respect to service of the New York complaint; they also claimed a violation of Vermont's hate-crime statute, 13 V.S.A. § 1455, as well as various constitutional claims, based on allegations related to the New York case. Plaintiffs additionally sought injunctive relief but later agreed that the court lacked power to grant such relief.

The trial court dismissed plaintiffs' complaint on comity grounds given the related pending litigation in New York. The court found that the New York case offered plaintiffs a full opportunity and a better forum to litigate the allegations set forth in their Vermont complaint. See Nijensohn v. Ring, 2022 VT 16, ¶ 13, 216 Vt. 329 (recognizing that court has discretion to dismiss complaint if "an action concerning the same parties and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice"). The court also found dismissal appropriate because plaintiffs failed to state a claim for relief under the hate-crime statute and constitutional provisions they cited in their complaint. This appeal followed.

Plaintiffs argue that the court should not have dismissed their complaint on comity grounds because they have minimum contacts with Vermont and it is fair to have their case heard

here.  Plaintiffs further assert that they provided sufficient factual allegations to state claims for relief.

We conclude that the court acted within its discretion in dismissing plaintiffs' complaint on comity grounds and thus do not reach plaintiffs' second argument.  See Nijensohn, 2022 VT 16, ¶ 15 (holding that dismissal on comity grounds is reviewed for abuse of discretion).

As the trial court recognized, "[c]omity principles may apply when multiple courts have jurisdiction over the same dispute."  Id. ¶ 13.  This doctrine "is not a rule of law, but one of practice, convenience, and expediency."  Id. ¶ 15 (quotation omitted).  It "is designed to foster cooperation among the states, preclude forum shopping, avoid multiple or inconsistent judgments, and promote judicial economy."  Id. ¶ 13 (quotation omitted).  "Under this doctrine, courts have discretion to stay or dismiss a proceeding if an action concerning the same parties and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice."  Id. (quotation omitted); see also McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co., 263 A.2d 281, 283 (Del. 1970) (explaining that where similar action is pending in another jurisdiction, courts should exercise discretion to stay or dismiss case "freely" to "avoid[] wasteful duplication of time, effort, and expense . . . [caused by] adjudication of the same cause of action in two courts" as well as "possibility of inconsistent and conflicting rulings and judgments").

While plaintiffs contend that the court "misapplied" the comity doctrine here, they essentially disagree with the way in which the court exercised its discretion.  They suggest that they might now be denied an effective remedy, the court's decision is unfair, and the court could have tried to take a "tailored" approach that would have allowed some of their claims to proceed.  The court reached a different conclusion and provided a reasoned basis for its decision.  It determined that the New York litigation provided plaintiffs a full opportunity and a better forum to address the allegations in their complaint, which related to the New York litigation.  Plaintiffs' arguments to the contrary "amount to nothing more than a disagreement with the court's reasoning and conclusion . . . , and, as such, do not make out a case for an abuse of discretion."  Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (mem.).

Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice


2