Filed 03/24/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-02622

| | |
|---|---|
| Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company), Plaintiff<br><br>v.<br><br>Marsh Management Services, Inc., Defendant | DECISION ON MOTIONS |

## RULING ON MOTION TO ENFORCE SUBPOENA AND CROSS MOTION TO QUASH

This is an action to enforce a foreign subpoena issued pursuant to Rule 45(f) of the Vermont Rules of Civil Procedure. Plaintiff Travelers Casualty and Surety Company ("Travelers") is seeking an order requiring Vermont company Marsh Management Services, Inc. ("MMS") to produce documents it asserts are relevant to an insurance coverage action pending in New Jersey Superior Court, *Atlanta International Insurance Co. v. Johnson & Johnson*, No. MID-L-003563-19 (the "New Jersey action" or "J&J Case"), to which MMS is not a party. MMS opposes the motion to enforce and cross-moves for an order quashing the subpoena under Rule 45(f)(3).[1]

### Factual and Procedural Background

The following relevant information is drawn from the parties' filings. In the New Jersey action, Johnson & Johnson ("J&J") is seeking coverage from Travelers and other insurance companies for its liabilities associated with its talc products. Middlesex Assurance Company ("Middlesex") is J&J's captive insurer and is a subsidiary of J&J. MMS is a management provider located in Colchester, Vermont, that contracted with Middlesex to provide administrative and regulatory services. In the New Jersey action, J&J is seeking a declaration that insurers other than Middlesex, including Travelers, owe J&J a duty to defend and indemnify it in the underlying talc product liability actions being litigated around the country. Travelers filed cross-claims seeking various declarations regarding the rights and obligations of the parties under the policies Travelers issued to J&J and how defense and indemnity costs for the talc claims should be allocated across the various insurance policies.

---

[1] Travelers has also filed a motion for leave to file a sur-reply and a motion to seal deposition testimony. MMS and Middlesex did not file a separate motion seeking leave to file a sur-reply, but sought leave as part of the sur-reply they filed.

The issue of allocation across the triggered insurance policies is a key dispute in the New Jersey action. According to Travelers, J&J and Middlesex, assisted by MMS, added an endorsement to a Middlesex policy in 2018 that purports to cap Middlesex's available limits for the underlying talc claims to $100 million despite the fact that earlier policies provided for much higher limits. Travelers served the instant subpoena on MMS in an effort to obtain documents related to Middlesex's insurance program, including the endorsement, the relationship between Middlesex and MMS, the services MMS provides to Middlesex, and MMS's handling of the talc claims. MMS has produced some documents responsive to the subpoena, but it claims that certain communications are protected by the attorney-client privilege and/or are subject to work product protection. MMS has also refused to produce some documents on relevance grounds.

Middlesex joins MMS in opposing the motion to enforce and seeking to quash the subpoena.[2] Middlesex asserts that it contracts out its captive management to MMS and has no employees of its own. In other words, MMS is the functional equivalent of Middlesex. In responding to Travelers' and other insurers' discovery requests in the J&J Case, Middlesex contends it treated the documents that MMS maintains on behalf of Middlesex as its own. Middlesex asserts that these documents are in Middlesex's care, custody, and control, and that Middlesex already included them in its search for and production of documents. Middlesex contends that the privilege assertions Travelers contests concern privileges asserted and held by Middlesex.

The subpoena issued by this Court is nearly identical to an earlier subpoena duces tecum propounded on MMS in 2021. Although that subpoena was not issued through the Vermont courts, MMS responded to the subpoena in October 2022. Ex. 1.[3] According to Middlesex, the instant subpoena seeks production of many of the same documents the insurers sought pursuant to the 2021 subpoena.[4] MMS agreed to look for any responsive documents that postdate its initial production to the 2021 subpoena and has determined that there are none. MMS and Middlesex assert the instant subpoena be quashed because it seeks the same information that was sought in 2021. Opp. & Cross-Mot. to Quash at 8.

In the New Jersey action, the court has appointed retired Judge Dennis M. Cavanaugh of the United States District Court for the District of New Jersey to handle all discovery disputes and serve as Special Discovery Adjudicator. According to Middlesex, Travelers had no need to serve an out-of-state subpoena given that MMS has already responded to a virtually identical

---

[2] Travelers objects to Middlesex joining in MMS's opposition to the subpoena, contending it should have filed a Rule 24 motion to intervene. However, since the subpoena relates to the underlying New Jersey action where Middlesex is a party and concerns documents as to which Middlesex claims privilege and/or work product protection, and the arguments are made by the parties in a joint submission, the Court discerns no prejudice to Travelers or reason to disregard Middlesex's arguments.

[3] Although the earlier subpoena was propounded by other insurers not including Travelers, Travelers received access to MMS's production in 2022 and the accompanying privilege log. *See* Reply at 5-6.

[4] Middlesex represents that it has produced "tens of thousands of documents from its files maintained at MMS's offices in Vermont." Opp. & Cross-Mot. to Quash at 6.

subpoena and MMS's documents are already subject to discovery through Middlesex. Travelers has not moved to compel documents from Middlesex or MMS that were withheld based on privilege or work product in the J&J Case, which motion would come before the Special Discovery Adjudicator who is available for this express purpose. MMS does not contest the New Jersey court's jurisdiction to address discovery disputes concerning Middlesex documents in its possession based on its role as Middlesex's captive manager. Opp. & Cross-Mot. to Quash at 10. Middlesex and MMS argue that by seeking to enforce the instant subpoena, Travelers is attempting to evade the New Jersey court's jurisdiction.

## Discussion

The parties devote considerable time arguing over whether MMS is a functional employee of Middlesex, whether Middlesex should be permitted to appear in this proceeding, whether Middlesex has the right to assert the attorney-client privilege over some of MMS's communications, and whether Vermont or New Jersey law should apply. However, the Court finds the more important issue at this stage is whether it is even appropriate for a Vermont court to address the motion to enforce given that the underlying case is pending in New Jersey, a Special Discovery Adjudicator has been appointed specifically to address the substantive issues the parties raise, and, perhaps most important, MMS has asserted that it will not challenge New Jersey's jurisdiction to resolve the discovery disputes.

Vermont has adopted the Uniform Interstate Depositions and Discovery Act ("UIDDA"), with modifications appropriate to Vermont practice. *See* V.R.C.P. 45, Reporter's Notes – 2011 Amdt. ("The [UIDDA] sets forth an efficient and inexpensive procedure for litigants to depose out of state individuals and for the production of discoverable materials that may be located out of state."). The UIDDA provides an avenue for a party to enforce a subpoena in a foreign jurisdiction and for a non-party to move to quash a subpoena in the non-party's home-state. UIDDA § 6. However, "it was never intended to divest [the trial state] of jurisdiction to resolve discovery disputes between the parties." *Catalina Mktg. Corp. v. Hudyman*, 212 A.3d 997, 1001 (N.J. Super. Ct. App. Div. 2019); *see also* UIDDA § 6, cmt. ("Nothing in this act limits any party from applying for appropriate relief in the trial state.").

Moreover, "principles of comity can provide [a] . . . basis for nonintervention by a Vermont court in a dispute that has already come before some other forum." *Cavallari v. Martin*, 169 Vt. 210, 215, 732 A.2d 739, 743 (1999); *accord Nijensohn v. Ring*, 2022 VT 16, ¶ 13, 216 Vt. 329 ("Comity principles may apply when multiple courts have jurisdiction over the same dispute."). The purpose of the doctrine is

> to foster cooperation among the states, preclude forum-shopping, avoid multiple or inconsistent judgments, and promote judicial economy by allowing a court, in its discretion, to stay or dismiss a proceeding where an action concerning the same parties and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice.

*Chandler v. Vt. Mut. Ins. Co.*, Docket No. 2014-030, 2014 WL 3714930, at \*2 (Vt. May 2014) (unpub. mem.) (quotation omitted).[5] As New Jersey recognizes: "The question is not whether a state court has the power to exercise jurisdiction over a case filed within its jurisdiction, but whether the court should restrain itself and not exercise that power." *Sensient Colors Inc. v. Allstate Ins. Co.*, 939 A.2d 767, 774 (N.J. 2008). In *Sensient Colors*, the Supreme Court of New Jersey noted that, "[i]f we are to have harmonious relations with our sister states, absent extenuating circumstances sufficient to qualify as special equities, comity and common sense counsel that a New Jersey court should not interfere with a similar, earlier-filed case in another jurisdiction that is capable of affording adequate relief and doing complete justice." *Id.* (quotations omitted). Thus, "comity is not a rule of law, but one of practice, convenience, and expediency." *Nijensohn*, 2022 VT 16, ¶ 15 (quoting *In re Dennis' Estate*, 98 Vt. 424, 426, 129 A. 166, 167 (1925)).

While most of the cases addressing comity involve situations where two separate lawsuits have been filed in different states, the same principle applies here, where Vermont has jurisdiction over non-party MMS but the subpoena relates to discovery in a case pending in New Jersey. Although MMS is domiciled in Vermont, it manages the business of Middlesex, which is domiciled in New Jersey, and Middlesex is wholly owned by J&J, the insured in the New Jersey action. This Court has no knowledge of the issues that have come before the Special Discovery Adjudicator in the J&J Case, but that individual is certainly in a superior position to determine whether MMS should be treated as a functional employee of Middlesex and whether the assertions of privilege and the work product doctrine as the reason for Middlesex and MMS's refusal to produce particular communications and documents is appropriate, as well as the validity of Middlesex and MMS's contention that the subpoena seeks documents not relevant to the J&J Case. *See* UIDDA, § 6, cmt. (specifically identifying a motion to quash "on grounds of relevance" as an example of relief that is appropriate to seek in the trial state). Further, as Travelers admits, it "has already brought multiple discovery disputes to the Special Discovery Adjudicator in the Coverage Action, and, since the filing of Travelers' Motion here, Travelers has moved to compel Middlesex to produce certain documents that Middlesex inappropriately withheld in the Coverage Action." Reply at 5. It is likely that there is significant overlap between the documents Travelers seeks here and those Travelers is currently pursuing in New Jersey, and the New Jersey court should have the opportunity to rule on such questions, which could well moot or narrow the issues raised here. The Court is not inclined to interfere with that competent process, nor provide an avenue for an end run around the jurisdiction of the Special Discovery Adjudicator appointed for this precise purpose.

Simply put, the risk of inconsistent judgments, considerations of judicial economy, and respect for the principles of comity compel this Court to defer any ruling on Travelers' motion to enforce and MMS's cross-motion to quash in favor of the parties seeking a resolution of their ongoing discovery disputes before the Special Discovery Adjudicator in the J&J Case. The

---

[5] Trial courts are free to "consider three-justice decisions from [the Vermont Supreme] Court for their persuasive value, even though such decisions are not controlling precedent." *Washburn v. Fowlkes*, Docket No. 2015-089, 2015 WL 4771613, at \*3 (Vt. Aug. 2015) (citing V.R.A.P. 33.1(d)).

Court's order below will direct the parties to do so, and the Court will stay consideration of the instant motions pending such review and determination in the New Jersey action.[6]

Order

For the foregoing reasons, the Court DEFERS ruling on the Motion to Enforce Subpoena (Mot. #2) and the Cross-Motion to Quash until the New Jersey court has had the opportunity to consider whether the documents at issue are privileged and/or protected from discovery by the work product doctrine and are otherwise relevant, and to address all other issues raised by the parties in connection with the instant subpoena.

The parties are HEREBY ORDERED to seek a resolution of their discovery disputes before the Special Discovery Adjudicator specially appointed in the New Jersey action. If the Special Discovery Adjudicator is unable to resolve the parties' discovery disputes, they may return to this Court. In such case, the parties shall promptly notify the Court of any rulings by the Special Discovery Adjudicator and their impact on the pending motions.

Travelers' Motion to File Under Seal portions of a deposition and brief and Motion to File a Sur-Reply (Mots. 9 & 10) are GRANTED. Likewise, MMS and Middlesex's request for leave to file a sur-reply is also GRANTED.

Electronically signed on March 24, 2026 at 11:49 AM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

---

[6] In light of its decision, the Court declines to hold oral argument on the motions at this time.