NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3044-18T4
A-3651-18T4

CATALINA MARKETING
CORPORATION,

      Plaintiff-Respondent,

v.

LOUIS HUDYMAN,

      Defendant-Appellant.

_____

| |
|---|
| **APPROVED FOR PUBLICATION** |
| **June 25, 2019** |
| **APPELLATE DIVISION** |

Argued May 20, 2019 – Decided June 25, 2019

Before Judges Messano, Fasciale and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. C-000129-18.

Steven C. Schechter argued the cause for appellant.

David Lichtenberg argued the cause for respondent (Fisher Phillips LLP, attorneys; David Lichtenberg and William E. Corum (Husch Blackwell, LLP) of the Missouri bar, admitted pro hac vice, of counsel; David J. Treibman, on the briefs).

The opinion of the court was delivered by

MESSANO, P.J.A.D.

We granted defendant Louis Hudyman leave to appeal two orders of the Chancery Division that "dismissed without prejudice for lack of jurisdiction" his motions to quash subpoenas served on an out-of-state non-party, Quotient Technology, Inc. (Quotient), defendant's current employer, by plaintiff Catalina Marketing Corporation, his former employer. After terminating defendant during a "reduction in force," plaintiff filed a verified complaint alleging defendant violated "post-employment restrictive covenants" in his separation agreement and the New Jersey Trade Secrets Act, N.J.S.A. 56:15-1 to -9.

The court entered an order to show cause as to why preliminary restraints should not issue. Prior to the return date, plaintiff issued subpoenas duces tecum and ad testificandum to Quotient, domesticated the New Jersey subpoenas in accordance with New York law, and served them at Quotient's Monsey, New York address. The subpoenas were returnable at counsel's office in Manhattan.

Defendant moved to quash the subpoenas, alleging that Quotient was amenable to service in New Jersey because it did business in, and, he resided in, the state, and that attendance at a deposition in New York was unduly burdensome. Defendant also alleged that the subpoenas sought irrelevant information, including, for example, "the terms and conditions" of his hiring

A-3044-18T4

and employment with Quotient. Finally, defendant alternatively urged the court to enter a protective order under Rule 4:10-3 addressing some of these concerns. Defendant did not request oral argument.

Plaintiff opposed the motion. It certified that Quotient had no New Jersey address or registered agent for service, and New York was the nearest state where the company had a serviceable presence. Although Quotient had been cooperating with plaintiff's counsel, it now refused to comply with the subpoenas until the court decided the motion to quash. See R. 4:14-7(c) ("[I]f the deponent is notified that a motion to quash the subpoena has been filed, the deponent shall not produce or release the subpoenaed evidence until ordered to do so by the court or the release is consented to by all parties to the action."). The judge then handling the case agreed to adjourn the return date "to afford the court and the parties adequate time to address the motion to quash."

When the judge retired, a different judge assumed control of the litigation. She entered the February 14, 2019 order now subject to our review. In her written statement of reasons, the judge accepted that defendant's residency in New Jersey did not make Quotient amenable to service because defendant was not "an officer, registered agent, or any other person authorized to accept service on behalf of Quotient." See R. 4:4-4(a)(6) (explaining the requirements of service upon a corporation in New Jersey). She reasoned that

Rule 4:11-5, reflecting New Jersey's adoption of the Uniform Interstate Depositions and Discovery Act (the UIDDA), controlled.

The judge dismissed defendant's motion without prejudice, concluding "th[e] court lack[ed] jurisdiction to rule on defendant's motion to quash an out[-]of[-]state subpoena." Instead, both subpoenas were governed by the "procedures authorized by the foreign state[,]" Rule 4:11-5(c), and, pursuant to New York law, challenges to out-of-state subpoenas must be brought "to the court in the county in which discovery is to be conducted." N.Y. CPLR § 3119(e). Defendant filed an emergent application for a stay and permission to file a motion for leave to appeal on an emergent basis. Our colleagues granted defendant's motion for leave to appeal but did not stay further proceedings in the trial court.

In the interim, plaintiff issued two similar New Jersey subpoenas, properly domesticated them in California, and served them on Quotient in California. Defendant again moved to quash with the same result. The judge dismissed the motion without prejudice, noting that California, like New York and New Jersey, adopted the UIDDA. Pursuant to California Civil Procedure Code § 2029.600(a), "any request for a protective order or to enforce, quash, or modify a subpoena, or for other relief may be filed in the superior court in the county in which discovery is to be conducted and, if so filed, shall comply

with the applicable rules or statutes of this state."  Defendant again sought emergent relief from this March 15, 2019 order, which we granted.

Between entries of our two orders, the judge filed a written amplification of reasons.  R. 2:5-6(c).  She explained, "[t]o clarify, the court did not mean it lacked jurisdiction to reach the merits of the motions to quash, but instead lacked jurisdiction over out-of-state non-party witnesses to compel their appearance at out[-]of[-]state locations."  Citing Rules 4:11-4, 4:11-5 and 4:14-7, the judge reasoned that New Jersey, like New York and California, "require[s] motions related to enforcement, modification, or quashing of a foreign subpoena be submitted to a court in the discovery state."

Defendant argues that New Jersey has never adopted the UIDDA and the judge has jurisdiction to consider his arguments about the scope of discovery sought from Quotient, see Rule 4:10-2, and whether to issue a protective order. R. 4:10-3.[1]  Plaintiff reiterates that under Rule 4:11-5(c), New Jersey lacks jurisdiction to quash the subpoenas and further advised us at oral argument that Quotient has presently refused to comply with the subpoenas.

---

[1]  Defendant also reiterates his belief that Quotient was amenable to service in New Jersey.  Except that defendant resides in New Jersey, nothing in the record supports that argument, and we reject it as did the motion judge.

We reject defendant's assertion that New Jersey has not adopted, at least in part, the UIDDA. See Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:11-4, and cmt. 1 on R. 4:11-5 (2019) (noting that although the UIDDA has not been formally adopted, these rules "effectively adopt[]" and "conform[] with" provisions of the UIDDA). Rule 4:11-5 governs out-of-state depositions in litigation filed in New Jersey and provides, in relevant part, that "[a] deposition for use in an action in this state . . . may be taken outside this state either (a) on notice pursuant to Rule 4:14-2, . . . or (c) pursuant to a subpoena issued to the person to be deposed in accordance with Rule 4:14-7 and in accordance with the procedures authorized by the foreign state . . . ." This subsection "conforms with the [UIDDA], now adopted by most states, and makes clear that although the subpoena [is] issue[d] in accordance with Rule 4:14-7[,] it will be enforced in accordance with the procedures of the foreign state." Pressler & Verniero, cmt. 1 on R. 4:11-5.

The intent of the UIDDA was to

> set[] forth a uniform procedure for subpoenaing the depositions of out-of-state individuals and the production of discoverable materials located outside of the trial state whereby a subpoena issued by a court in the trial state (or forum state) is then enforced by the clerk of a court in the discovery state (or foreign jurisdiction).
>
> [Marna L. Brown, State of New Jersey Law Revision Commission Final Report Relating to the Uniform

6

Interstate Depositions and Discovery Act, 37 Seton
Hall Legis. J. 241, 242 (2013).]

Pursuant to the UIDDA, "[a]n application to the court for a protective order or to enforce, quash, or modify a subpoena . . . must comply with the rules or statutes of th[e discovery] state and be submitted to the court . . . in which discovery is to be conducted." Unif. Interstate Depositions and Discovery Act § 6 (Nat'l Conference of Comm'rs on Unif. State Laws 2007). This reflects the UIDDA's recognition that "the discovery state has a significant interest in protecting its residents who become non-party witnesses in an action pending in a foreign jurisdiction . . . ." Id. at cmt. on § 6.

We have no doubt that the judge correctly decided she lacked jurisdiction to "enforce" the subpoenas or to consider a motion brought by Quotient, a non-party, to quash the subpoenas. Although plaintiff advised us at argument that Quotient refuses to comply with the subpoenas, nothing in the record confirms that assertion. Plaintiff is free to litigate the issue of Quotient's refusal to comply with the subpoenas, and Quotient has the ability to move to quash the subpoenas, in both New York and California, in accordance with the respective procedures and laws of those states. See, e.g., Quinn v. Eighth Judicial Dist. Ct., 410 P.3d 984, 988 (Nev. 2018) (holding that a motion to quash brought by out-of-state witnesses in California, and the defendant's motion to compel their appearance in Nevada were governed by

A-3044-18T4

the "UIDDA . . . , and thus the authority to resolve the [dispute] . . . rested with the California superior court"); <u>Yelp, Inc. v. Hadeed Carpet Cleaning, Inc.</u>, 770 S.E.2d 440, 445 (Va. Ct. App. 2015) (pursuant to its version of the UIDDA, the Virginia court was "not empowered to enforce the non-party subpoena" served on a foreign corporation to produce out-of-state records in Virginia litigation); <u>In re Kapon v. Koch</u>, 988 N.Y.S.2d 559 (N.Y. App. Div. 2014) (applying UIDDA and substantive law of discovery state to subpoenaed non-party witness's objections).

At argument before us, both parties acknowledged confusion over the import of the judge's supplemental statement of reasons, in which she acknowledged her jurisdiction to decide the merits of defendant's objections to the scope of discovery in litigation brought by an out-of-state plaintiff against a New Jersey resident.  We agree she can.

Although the UIDDA provides a party with the ability to enforce subpoenas in a foreign jurisdiction, and a non-party witness the ability to modify or quash a subpoena in the foreign jurisdiction, it was never intended to divest a New Jersey court of jurisdiction to resolve discovery disputes between the parties.

> Nothing in [the UIDDA] limits any party from applying for appropriate relief in the trial state. Applications to the court that affect only the parties to the action can be made in the trial state.  For example,

any party can apply for an order in the trial state to bar the deposition of the out-of-state deponent on grounds of relevance, and that motion would be made and ruled on before the deposition subpoena is ever presented to the clerk of [the] court in the discovery state.

[UIDDA, cmt. on § 6.]

We conclude, as apparently did the judge, that a New Jersey court has jurisdiction to consider whether the discovery sought "is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . [or] if the information sought appears reasonably calculated to lead to the discovery of admissible evidence . . . ." R. 4:10-2(a). Nor does the UIDDA divest the New Jersey trial court of jurisdiction to enter an order "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . ." R. 4:10-3.

Our conclusion is strengthened by the express language of Rule 4:11-5(c). See Robertelli v. N.J. Office of Att'y Ethics, 224 N.J. 470, 484 (2016) (applying "familiar canons of statutory construction to interpret the court rules[,] . . . look[ing] first to the plain language of the rule[] and giv[ing] the words their ordinary meaning") (citations omitted). Rule 4:11-5(c) permits the issuance of a subpoena in accordance with Rule 4:14-7. Rule 4:14-7(a), in turn, subjects "[t]he attendance of a witness at the taking of depositions . . . to

the protective provisions of Rule 1:9-2 and Rule 4:10-3[,]" and limits production in response to subpoenas duces tecum to "all matters within the scope of examination permitted by Rule 4:10-2."

Lastly, prior to the 2014 rule amendment that adopted the UIDDA's provision for attendance at depositions outside of New Jersey on compulsion of subpoena, Rule 4:11-5(a) permitted, as it still does, an out-of-state deposition to be taken "on notice pursuant to Rule 4:14-2 . . . ." That rule obligates the party seeking the discovery to notify "every other party to the action." R. 4:14-2(a). As Judge Pressler and Justice Verniero have consistently noted, "[b]ecause of the protective order practice of Rule 4:10-3, the notice technique . . . provides an opportunity for a pre-deposition judicial determination of terms and conditions for the taking of the deposition." Pressler & Verniero, cmt. 1.1 on R. 4:11-5 (2014-19). By implication, a party provided with notice of a subpoena having been issued pursuant to Rule 4:11-5, see Rule 4:14-7(c) (requiring notice to all parties of service of the subpoena), should have the same ability to challenge the substantive evidence sought from the out-of-state witness.

We therefore affirm the orders as modified by this opinion, and subject to defendant's ability to move before the trial court, pursuant to Rules 4:10-

2(a) and 4:10-3 for relief.  We remand the matter to the trial court for further proceedings consistent with this opinion.

Affirmed in part and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3044-18T4