NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

```
-------------------------------------------------------x
EDDIE'S LIQUORS, INC. AND                    :
HERIBERTO AZCONA,                            :    TAX COURT OF NEW JERSEY
                    Plaintiff,               :    DOCKET NO:   011441-2021
                                             :
        v.                                   :
                                             :
DIRECTOR, DIVISION OF TAXATION,              :
                                             :
        Defendant.                           :
                                             :
-------------------------------------------------------x
```

Decided:  December 10, 2024.

Ronald J. Cappuccio, attorney for plaintiff.

Matthew J. Platkin, Attorney General, attorney for defendant (Judith M. O'Malley, Deputy Attorney General, on the brief).

CIMINO, J.T.C.

Eddie's Liquors, Inc. (Taxpayer) is the owner of two liquor stores in Camden, New Jersey.  After an audit by the Director's auditor, a deficiency assessment was issued.  Taxpayer now appeals the deficiency assessment.  As part of discovery, Taxpayer wants to depose the auditor.  The auditor left the employ of the Director after securing employment with a large national accounting firm which has offices in Texas.

The Director has reached out to the auditor by telephone to secure her participation in a deposition.  The auditor has not responded.  Taxpayer now wants

-1-

to subpoena the auditor to compel her attendance. The Director will not provide the contact information for the auditor.

Taxpayer filed a motion with this court to compel the Director to provide the contact information. The Director opposes the motion. The Director insists the deposition of an organizational representative of the Director's choosing should satisfy Taxpayer. Moreover, since the auditor is outside New Jersey, the Director cross-moves to have her declared unavailable per N.J.R.E. 804. The Director also cross-moves to compel Taxpayer to complete some loose ends of discovery.

Discovery allows the parties to flesh out the facts of a case and is an integral part of the litigation process. Liguori v. Elmann, 191 N.J. 527, 550-51 (2007). Discovery is even more important in a case such as this where the government is seeking something from one of its constituents.

Generally, the rules provide that a party can conduct discovery in any order. R. 4:10-4. However, by tradition, and for efficiency purposes, the parties typically first complete paper discovery, such as interrogatories and requests for production, before depositions. Having all the paper discovery in hand facilitates efficient deposition practice.

A party can issue a deposition notice for a witness within the control of an adverse party. R. 4:14-2(a). A witness outside the control of any party is subject to a subpoena to compel attendance. R. 4:14-7(a). If a party knows the subject of

inquiry, but not the person within an organization with the knowledge of the subject, the party can notice an organization to provide a witness with knowledge of the subject. R. 4:14-2(c). The party taking the depositions chooses the order of witness production. R. 4:10-4. An adverse party can neither dictate the order of witnesses, nor insist an organizational designee is deposed first. Thus, the Director cannot force Taxpayer to first depose an organizational designee.

With the auditor outside of New Jersey and nonresponsive to inquiries as to her availability for deposition, the Director wants the auditor declared unavailable. N.J.R.E. 804. This designation of unavailability is seemingly in response to the court's recent decision in La Troncal Food Corp. v. Dir., Div. of Tax'n., ____N.J. Tax ____, Docket No. 013472-2017 (Tax 2024). In that case, another auditor, who was no longer working for the Director, did not appear at trial. Id. at 32-37. Based upon the facts in La Troncal, this court rejected the Director's attempt to place the auditor's report and workpapers into evidence under either the business record exception (N.J.R.E. 803(c)(6)) or public record exception (N.J.R.E. 803(c)(8)) to the hearsay rule. Id. at 36-37.

Declaring the auditor unavailable as defined by subsection (a) of N.J.R.E. 804, would give the Director greater latitude in admitting certain types of hearsay statements as enumerated in subsection (b) of the same rule. These include testimony in prior proceedings, statements under belief of imminent death,

statements against interest, statements of personal or family history, trustworthy statements by deceased declarants and voters' statements. N.J.R.E. 804(b)(1), (2), (3), (4), (6), (7). However, none of the types of hearsay statements specified in subsection (b) seem to apply here. Unlike the Federal Rules of Evidence, New Jersey does not have a residual exception for admitting otherwise trustworthy evidence. Compare Fed. R. Evid. 804(b)(5) with N.J.R.E. 804(b)(5). The New Jersey Supreme Court has made clear there is not a residual exception available in the New Jersey courts. State v. Bunyan, 154 N.J. 261, 267-68 (1998).

A fair opportunity for Taxpayer to attempt to depose the auditor is necessary. If a witness refuses to comply with a subpoena, a party can seek to enforce the subpoena through contempt proceedings. R. 4:14-7, R. 1:9-5. However, under our federal system of government, state courts are without power to enforce contempt sanctions in other states. The parties are not left without a remedy. All states have adopted procedures for enforceability of out-of-state subpoenas. State of New Jersey Law Revision Commission Final Report Relating to Uniform Interstate Depositions and Discovery Act, 37 Seton Hall Legis. J. 241, 243 (2013).

Most states have adopted the Uniform Interstate Depositions and Discovery Act (UIDDA). Id. at 246-247. See also Unif. Interstate Depositions & Discovery Act Enactment History (Unif. L. Comm'n 2024) (enactment by forty-six states). New Jersey has adopted the UIDDA through court rule. R. 4:11-4, -5. See 2014

<u>Report of the Supreme Court Civil Practice Committee</u> 23-27. <u>See generally</u> <u>Catalina Mktg. Corp. v. Hudyman</u>, 459 N.J. Super. 613, 617-20 (App. Div. 2019). The Texas legislature authorized adoption of the UIDDA, but the Texas Supreme Court has yet to act. 2023 Tex. Gen. Laws ch. 616. However, Texas still has a non-uniform statute and rules to allow enforcement of an out-of-state subpoena. Tex. Civ. Prac. & Rem. § 20.002, Tex. R. Civ. P. 201.1, 201.2.

The bottom line is there is not any evidence that the auditor would risk a contempt citation for failing to comply with court mandated process in the form of a subpoena to compel her deposition. The Director has not provided sufficient basis to declare her unavailable.

For the foregoing reasons, the court grants Taxpayer's motion to compel the contact information for the auditor and denies the Director's motion to declare the auditor unavailable. Finally, Taxpayer shall finalize outstanding paper discovery. An appropriate order will follow.