Filed: 6/26/2024

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

|  |  |
|---|---|
| In re: HAYNES AGGREGATES | Docket No. 24-CV-1727 |

## RULING ON MOTION TO QUASH SUBPOENA

Pursuant to V.R.C.P. 45, Petitioners (Haynes Aggregates and related entities) sought a subpoena of Brian Silver in aid of discovery in a civil action pending in Connecticut Superior Court, O&G Industries, Inc. v. Haynes Aggregates, LLC, et al., LLI-CV24-6035788-S. The Connecticut action apparently involves a dispute over a contract to purchase real estate and how that real estate was to be valued to establish the sale price. Silver was Respondent's appraiser. This court issued the subpoena on May 8, 2024. Respondent O&G Industries (the plaintiff in the Connecticut action) now moves to quash the subpoena. Respondent contends that the Connecticut subpoena is improper because Petitioners failed to give "reasonable notice" as required under Connecticut law. Respondent further contends that the discovery sought is encompassed by pending discovery objections in the Connecticut action and is irrelevant, and that Petitioner has not filed proof of service or served Silver.

Vermont has adopted the Uniform Interstate Depositions and Discovery Act (UIDDA), with modifications appropriate to Vermont practice. *See* Reporter's Notes–2011 Amendment, V.R.C.P. 45. "The Act sets forth an efficient and inexpensive procedure

for litigants to depose out of state individuals and for the production of discoverable materials that may be located out of state." Id. "To request issuance of a subpoena under this rule, a party or attorney must submit a foreign subpoena or a court order from the foreign jurisdiction to the clerk of court in the county in which discovery is sought to be conducted, along with (i) a Vermont subpoena for signature by the clerk, (ii) a list of all counsel (or unrepresented parties') in the foreign action and their addresses and phone numbers, and (iii) the required filing fee." V.R.C.P. 45(f)(3)(A). Then "the clerk shall provide [the subpoena] to the judge for review without delay. If the judge approves the request the clerk shall promptly sign the Vermont subpoena and return it to the requesting party for service." V.R.C.P. 45(f)(3)(C).

The crux of the parties' arguments about the motion to quash is whether these issues should be decided here or by the Connecticut trial court. The rule provides that "[a] motion for a protective order or to enforce, quash, or modify a subpoena issued under this paragraph [] must comply with Rule 45(c) and be submitted to the court in the county in which discovery is to be conducted." V.R.C.P. 45(f)(3)(B). The reporter's notes further provide that "motions to quash, enforce, or modify a subpoena issued pursuant to the Act shall be brought in and governed by the rules of the discovery state." Reporter's Notes–2011 Amendment, V.R.C.P. 45. However, this does not mean that all such motions must be brought only in the discovery state. As a comment to the Uniform Act provides:

> Nothing in this act limits any party from applying for appropriate relief in the trial state. Applications to the court that affect only the parties to the action can be made in the trial state. For example, any party can apply for an order in the trial state to bar the deposition of the out-of-state deponent on grounds of relevance, and that motion would be made and ruled on before the deposition subpoena is ever presented to the clerk of court in the discovery state.

Uniform Interstate Depositions and Discovery Act, § 6, cmt.; *see also* <u>Catalina Mktg. Corp. v. Hudyman</u>, 212 A.3d 997, 1001 (N.J. Super. Ct. App. Div. 2019) ("Although the UIDDA provides a party with the ability to enforce subpoenas in a foreign jurisdiction, and a non-party witness the ability to modify or quash a subpoena in the foreign jurisdiction, it was never intended to divest [the trial state] court of jurisdiction to resolve discovery disputes between the parties.").

The UIDDA, as adopted by Vermont Civil Rule 45(f), appears to give this court authority to decide the issues raised in the motion to quash. But it appears that a Connecticut court could also decide these issues. Notably, one of the grounds for the motion to quash is relevance, which is specifically identified in Uniform Act's comments as an example of relief that is appropriate to seek in the trial state. UIDDA, § 6, cmt. Respondent also contends that the underlying Connecticut subpoena is improper because Petitioners failed to give "reasonable notice" as apparently required under a Connecticut statute. *See* Conn. Gen. Stat. § 52-148b ("No party may take the deposition of any person unless he has first given reasonable written notice to each adverse party . . . ."). The Connecticut court is certainly in a better position to determine issues of Connecticut law. Most significantly, a motion to quash raising some of these same issues is currently pending in the Connecticut action and was filed on May 16, five days before the present motion was filed in Vermont. Ex. 1.

In instances such as this, the court must respect notions of comity. Article IV, § 1 of the U.S. Constitution "requires the courts of each state to accord full faith and credit to judicial proceedings of other states" and that, "in appropriate circumstances, principles of comity can provide an additional basis for nonintervention by a Vermont court in a

3

dispute that has already come before some other forum." <u>Cavallari v. Martin</u>, 169 Vt. 210, 215 (1999). The doctrine of comity

> is designed to foster cooperation among the states, preclude forum-shopping, avoid multiple or inconsistent judgments, and promote judicial economy by allowing a court, in its discretion, to stay or dismiss a proceeding where an action concerning the same parties and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice.

<u>Chandler v. Vermont Mut. Ins. Co.</u>, No. 2014-030, 2014 WL 3714930, *2 (Vt. May 9, 2014) (unpublished mem.) (internal quotations omitted) (citing <u>Angelopoulos v. Angelopoulos</u>, 2 N.E.3d 688, 695 (Ind. Ct. App. 2013); *see also* <u>McWane Cast Iron Pipe Corp. v. McDowell–Wellman Eng'g Co.</u>, 263 A.2d 281, 283 (Del. 1970) (observing that discretion to stay or dismiss case where action is pending elsewhere "should be exercised freely" to prevent multiple actions, "avoid the wasteful duplication of time, effort, and expense . . . [through] adjudication of the same cause of action in two courts" and avoid "the possibility of inconsistent and conflicting rulings"); <u>Sensient Colors Inc. v. Allstate Ins. Co.</u>, 939 A.2d 767, 774 (N.J. 2008) ("[A] New Jersey state court ordinarily will stay or dismiss a civil action in deference to an already pending, substantially similar lawsuit in another state, unless compelling reasons dictate that it retain jurisdiction.").

Importantly, the proposed deponent—Brian Silver—has not moved to quash. As it now stands, this discovery dispute is between only the parties to the action. *See* UIDDA, § 6, cmt. ("Applications to the court that affect only the parties to the action can be made in the trial state."); <u>Catalina</u>, 212 A.3d at 1001. The motion to quash also raises matters of Connecticut law, and the Connecticut motion to quash was filed prior to the Vermont motion. It is entirely possible that the Connecticut trial court rules that the underlying subpoena issued there was improper. It makes little sense for this court to adjudicate

these issues until the Connecticut court decides the motion to quash filed there, which would likely moot or narrow the issues raised here. Therefore, this court will stay the motion and any related discovery pending a ruling by the Connecticut court.

## Order

The motion to quash and the related discovery sought by Petitioners is stayed pending the outcome of the motion to quash that was filed in Connecticut Superior Court. The parties shall promptly notify this court of the Connecticut court's ruling once that motion is decided, and how they think that ruling affects the motion pending here. Electronically signed on June 25, 2024 pursuant to V.R.E.F. 9(d).

Helen M. Toor
Superior Court Judge